JAMES SULLIVAN *vs.* JAMES H. LANGLEY & others & trustee.

Suffolk. March 22. — 25, 1878. AMES & MORTON, JJ., absent.

In a trustee process, evidence that the claimant knew of the plaintiff's claim against the defendant and of his seeking to hold the fund in the hands of the trustee, is admissible on the issue whether the assignment was made to the claimant in good faith for a good consideration.

In a trustee process, after service of the original writ and answer of the trustee, the plaintiff was allowed to amend his writ by joining another defendant, and a special precept was issued, under the St. of 1876, *c.* 167, to attach the goods of both defendants in the hands of the same trustee, who answered that he had funds in his hands belonging to a certain firm, of which it was admitted that both defendants were members. *Held,* that the attachment under the special precept was valid, although the defendant was, within four months thereafter, adjudicated a bankrupt, in the absence of any evidence of an assignment in bankruptcy.

TRUSTEE PROCESS. The writ, as originally sued out, was against James H. Langley and James F. Alderman, as principal defendants, and the Boston Five Cents Savings Bank, as trustee, returnable at July term 1874 of the Superior Court, and was served on the trustee on April 7, 1874. The trustee, in its answer filed at the first term, stated that, at the time of the service of the writ, it had the sum of $1000 standing upon its books to the credit of J. F. Alderman & Co., but that it was ignorant whether they were the defendants in this action.

At July term 1875, the plaintiff was allowed to amend his writ by joining Edgar S. Bristol as a defendant, who accepted service thereof. At October term 1875, a verdict was rendered in favor of the plaintiff against the defendants.

On December 4, 1876, a special precept was issued, under the St. of 1876, *c.* 167, to attach the goods, effects and credits of Langley, Alderman and Bristol in the hands of the same trustee, and was served the next day upon the trustee. On January 12, 1877, the trustee answered that, at the time of the service of this precept, it had standing upon its books to the credit of J. F. Alderman & Co. the sum of $1284.54, consisting of the $1000 disclosed in its first answer, and of interest since accrued thereon and that it did not know who composed that firm.

On January 14, 1877, Dan E. Richardson and J. M. Browne, attorneys of J. F. Alderman & Co. in this action, appeared as claimants of the funds under an alleged assignment, dated June

30, 1876, from Alderman and Bristol. At April term 1877, the plaintiff filed additional allegations against the trustee, to the effect that the firm of J. F. Alderman & Co. consisted of Alderman and Bristol. On April 5, 1877, Alderman and Bristol, copartners under the name of J. F. Alderman & Co., were adjudged bankrupts in the District Court of the United States for this district, and a copy of that adjudication was afterwards filed in this case.

At October term 1877, a trial by jury was had before *Dewey,* J., upon the validity of the alleged assignment to the claimants. The plaintiff denied that the assignment was made at its date, and contended that, whenever made, it was made by the defendants Alderman and Bristol, and received by the claimants, with the intent of preventing the fund in the hands of the trustee from being attached and held by the plaintiff, and in fraud of creditors. It was admitted that the claimants had been the attorneys of Alderman and Bristol in this action, since its commencement in 1874. The plaintiff offered in evidence such papers in the case as showed that the claimants knew of the plaintiff's claim, and of his seeking to hold the fund in the hands of the trustee. The judge, against the objection of the claimants, admitted the papers, and ruled and instructed the jury that the papers in the case, showing that Richardson and Browne had knowledge of the plaintiff s claim against the three defendants, and of his having trusteed the fund and seeking to hold it, and that the claimants, as attorneys of Alderman and Bristol, were seeking to prevent the funds being held, was competent as having a bearing on the question whether the assignment to them was valid, or was intended to cover up the fund in the bank, and prevent its being held by the plaintiff; and that the knowledge of these facts by Richardson and Browne might be considered by the jury, in connection with other evidence in the case, in determining whether they took this assignment in good faith for a good consideration, or whether it was fraudulent as to them. The jury returned a verdict for the plaintiff against the claimants; and the claimants excepted to the admission of this evidence.

Upon motion of the plaintiff, the trustee was charged upon its answer, and appealed.

*D. E. Richardson & J. M. Browne,* pro se.

*C. F. Kittredge,* for the trustee.

*C. H. Hudson,* (*C. Abbott* with him,) for the plaintiff.

GRAY, C. J. Upon the issue between the claimants and the plaintiff, the papers filed in the case were rightly admitted in evidence for the purpose stated in the judge's ruling. The assignment to the claimants having been found by the jury to be invalid, it is immaterial when it was made. It must be assumed upon this record, and was admitted at the argument, that the firm of J. F. Alderman & Co. consisted of Alderman and Bristol. The effect of the attachment made before Bristol was a party to the suit need not be considered, because the attachment upon the special precept, issued after he had become a defendant, clearly held the fund in the possession of the trustee, unless defeated by an assignment in bankruptcy, of which there is no evidence before us. *Sage* v. *Heller, ante,* 213. It follows that the claimant's exceptions must be overruled, and the

*Judgment charging the trustee affirmed.*