JAMES SULLIVAN *vs.* JAMES H. LANGLEY & others, & trustee.

Suffolk. Nov. 11, 1879. — Jan. 12, 1880. MORTON & SOULE, JJ., absent.

A writ, in which A. alone was the defendant, was served upon a bank as trustee, which answered that, at the time of service, it had standing on its books a certain sum to the credit of A. & Company. The writ was afterwards amended by joining B. as a defendant, and subsequently a special precept, under the St. of 1876, *c.* 167, was served on the trustee. The trustee still continued to hold the fund, and it was conceded that A. and B. composed the firm of A. & Company, and that the fund belonged to them. More than four months after the amendment, but within four months of the issuing of the special precept, A. and B. filed a petition in bankruptcy and were adjudged bankrupts, and an assignment of their joint and separate estate was made to C., who came in as a claimant of the fund in the hands of the trustee. *Held,* that the previous attachment became valid by the amendment, and the trustee was at once chargeable upon its original answer, independently of the subsequent attachment on the special precept; and that the assignment in bankruptcy did not discharge the attachment.

TORT for fraudulent representations by which the plaintiff was induced to give his promissory note for $1000 payable to James H. Langley. Writ dated April 7, 1874, returnable to the Superior Court, against Langley and Jesse F. Alderman as principal defendants, and the Boston Five Cents Savings Bank as trustee.

At the first term, the trustee filed an answer stating that, at the time of the service of the writ, there was standing upon its books the sum of $1000, and no more, to the credit of J. F. Alderman & Company, but whether they were the defendants it did not know, and that otherwise it had no goods, effects or credits in its hands belonging to any person by the name of James H. Langley or Jesse F. Alderman.

At July term 1875, the plaintiff was allowed to amend his writ by joining Edgar S. Bristol as a defendant, and a summons was issued to him; and, at October term 1875, he appeared, and

upon a trial a verdict was rendered for the plaintiff against all the defendants, and they alleged exceptions, which were overruled by this court. See 120 Mass. 437.

In June 1876, the trustee was charged upon its answer, and appealed to this court, which, on December 2, 1876, set aside the judgment charging the trustee, and ordered the case to stand for further hearing in the Superior Court.

On December 4, 1876, the plaintiff, in order to perfect his attachment, and to cure any defect that might exist therein by reason of the fact that Bristol had been joined as a defendant after the case was pending in court and after service on the trustee, moved for and obtained from the Superior Court a special precept, under the St. of 1876, c. 167, to attach the goods, effects and credits in the hands of the trustee, belonging to the defendants or any of them, which precept was served on the trustee on December 5, 1876. On January 12, 1877, the trustee filed an answer stating that, at the time of the service of this precept, it had standing upon its books to the credit of J. F. Alderman & Company the sum of $1284.54, and no more, consisting of the sum of $1000 disclosed in its former answer, and of interest since accrued thereon, and that it did not know who composed that firm.

On April 5, 1877, Alderman and Bristol filed a petition in bankruptcy, and on the same day were adjudged bankrupts by the District Court of the United States. On May 23, 1877, William F. Slocum was duly chosen their assignee, and an assignment of their joint and separate estate was made to him.

At April term 1878, the assignee in bankruptcy was admitted as a claimant of the fund in the hands of the trustee. At the trial of the validity of his claim, before *Putnam*, J., the above facts appeared, and it was conceded that the defendants Alderman and Bristol composed the firm of J. F. Alderman & Company, and that the fund in the hands of the trustee belonged to them. The plaintiff asked the judge to rule that the original attachment was valid, and that it was perfected and made good by the amendment of the writ and by the special attachment. But the judge declined so to rule; and ruled that the attachment was dissolved, and the fund passed to the claimant by virtue of the assignment in bankruptcy; and found for the

claimant and discharged the trustee.    The plaintiff alleged exceptions.

*C. H. Hudson & E. W. Sanborn,* for the plaintiff.

*W. F. Slocum, pro se.*

GRAY, C. J.    The first service upon the trustee of a writ in which Alderman, but no partner of his, was then a principal defendant, did not indeed create a valid attachment of the debt due from the trustee to the partnership of J. F. Alderman & Company.    *Hawes* v. *Waltham,* 18 Pick. 451.    *Hoyt* v. *Robinson,* 10 Gray, 371.    *Bulfinch* v. *Winchenbach,* 3 Allen, 161.    But, as soon as the writ was amended by joining Bristol as a defendant, the trustee still continuing to hold the fund, then, all the necessary parties being before the court, no rights of other persons having intervened, and it being conceded that the two defendants, Alderman and Bristol, composed the firm of J. F. Alderman & Company, and that the fund belongs to them, the previous attachment became valid, and the trustee was at once chargeable upon its original answer, independently of the subsequent attachment on a special precept issued under the St. of 1876, *c.* 167.    Gen. Sts. *c.* 129, § 41.    *West* v. *Platt,* 116 Mass. 308.    *Terry* v. *Sisson,* 125 Mass. 560.    *Wright* v. *Herrick,* 125 Mass. 154.

When this case was last before us this point was left undecided, because the attachment on the special precept was of itself sufficient to hold the fund, in the absence of any evidence of an assignment in bankruptcy.    *Sullivan* v. *Langley,* 124 Mass. 264. The proceedings in bankruptcy having been commenced more than four months after the amendment by virtue of which the first attachment became valid, the assignment now proved clearly does not discharge the first attachment.

In the decision made by this court in 1876, mentioned in the bill of exceptions, (but not published in the reports, because it determined no question of law argued by counsel or which seemed to be of any importance as a precedent,) a judgment charging the trustee was set aside, and the case ordered to stand for further proceedings in the Superior Court, because the record then brought up contained nothing but the trustee's answer, which did not disclose the facts, now conceded, that Alderman and Bristol composed the firm of J. F. Alderman & Company,

and that the fund in the trustee's hands belonged to them, and it did not appear whether the decision of the court below was upon that answer alone, or upon additional allegations of the plaintiff.

The result is, that the Superior Court, upon the case as now presented, erred in refusing to rule that the original attachment of the fund in the trustee's hands was valid, and in ruling that the fund passed to the claimant by the assignment in bankruptcy, and therefore discharging the trustee.    *Exceptions sustained.*