17   523
92   672

## BACON vs. BICKNELL and another.

A note in this form: "Due W. D. B., or order, $100 in six months, with interest" &c., signed by two persons, is a joint note.

In an action against B. and C. upon their joint note, where the court in 1861 had made an order staying the proceedings on the ground that C. was in the militars service of the United States, but after the enactment of ch. 92, Laws of 1862, and after the "Soldiers' Stay Law" of 1861 had been pronounced unconstitutional by the supreme court, the plaintiff noticed the cause for trial, and, after B. had served and filed an affidavit of merits, was permitted to proceed to trial, against B.'s objection, without any order having been made to vacate the order suspending proceedings. *Held*, that the court, in proceeding to try the cause, practically set aside its previous order, and it was not necessary to do so by a formal order for that purpose: and the judgment would not be reversed on that ground, especially as the defendant had due notice of the trial, and could not have been prejudiced by the course taken.

Under subd. 1, sec. 11, ch. 124, R. S., and ch. 92, Laws of 1862, in an action against two persons jointly indebted upon a contract, where an order staying proceedings as to one has been made, the plaintiff may proceed against the others, and

if he recover he must take judgment against *all* the defendants, which may be enforced against the joint property of all.

The judgment in this case having been taken against B. only, is directed to be modified so as to be against B. and C. jointly.

APPEAL from the Circuit Court for *Jefferson* County.

Action commenced in 1859 on a note in the following form : " Waukesha, July 10, 1854. Due W. D. Bacon or bearer one hundred dollars, six months from date, with interest at 12 per cent until paid. SANFORD BICKNELL, ELIAS CURTIS." There was an answer by both defendants, setting up a counter-claim, and a reply in denial. When the cause was called at the September term, 1861, the court made an order reciting that it appeared by an affidavit of said *Curtis* that in August, 1861, he enrolled himself a member of the First Regiment of Wisconsin Cavalry, and that on the 6th of September following, he was duly mustered and sworn into the service of the United States for three years or until the end of the war; and thereupon it was ordered that the cause be stricken from the calendar, and that all proceedings therein be suspended until it should be made to appear to the court that said *Curtis* was no longer a member or officer of said First Wisconsin Cavalry. The cause was accordingly stricken from the calendar, and proceedings therein suspended until about the 1st of November, 1862, when it was noticed by the plaintiff for trial at the December term for that year. It having been reached at that term, and an affidavit of merits having been duly filed and served, the defendants "objected to the trial of said action or moving the same for trial," until the order suspending proceedings therein should have been vacated; but the objection was overruled. A jury having been waived, the cause was tried by the court, which found that the plaintiff was entitled to receive from the defendant *Bicknell*, on said note, $157.30 ; and judgment was rendered against *Bicknell* accordingly; from which he appealed.

*N. S. Murphy*, for appellant:

The order staying proceedings was obtained under chap. 7, Laws of 1861, Extra Session. Whether that law was constitutional or not, the court had power to make the order, and, even if improperly granted, it should have been obeyed by the plaintiff and respected by the court until vacated by a proper order. The plaintiff had no right to treat it as a nullity. *Jones v. Dow*, 15 Wis., 582; *Starr v. Francis*, 22 Wend., 633; *Roosevelt v. Gardener*, 2 Cow., 463; *Jackson v. Jackson*, 3 id., 73; *Duncan v. Sun Fire Ins. Co.*, 2 Wend., 625; *Gould v. Root*, 4 Hill, 554. 2. The judgment is against *Bicknell* alone, and is wholly unauthorized by law. Laws of 1862, ch. 92; R. S., ch. 124, sec. 11; *Nelson v. Bostwick*, 5 Hill, 37; *Stannard v. Mattice*, 7 How. Pr. R., 4; N. Y. Code, sec. 136.

*Enos & Hall*, for respondent.

*By the Court*, COLE, J. We are of the opinion that it was not necessary for the court to vacate the order staying proceedings before it proceeded to try the cause. Proceeding to try the cause was practically setting aside the order. The order was granted by the court itself, and when it proceeded to try the cause, it revoked the order so far as *Bicknell* was concerned. It is not analogous to the cases cited by the counsel, which hold that even an improvident or irregular order must be obeyed until set aside on a direct application for that purpose. The reason of this rule of practice is, that where an order is made by a court or officer intending to operate upon another court, officer or party, the latter cannot assume to judge of the correctness of the order without questioning collaterally a judicial act. *Gould vs. Root*, 4 Hill, 554. The court here had its own order before it, and by its action as effectually revoked or superseded it as though it had directly vacated it. The objection is certainly very technical, and ought not to prevail in this court, inasmuch as it appears that

*Bicknell* had due notice of trial, and could not have been prejudiced by the course taken.

An objection is taken to the form of the judgment, which we think is well founded. The note sued on is undoubtedly a joint one, and the judgment is against *Bicknell* alone. By chap. 92, Laws of 1862, it is in effect provided, that in actions against persons jointly indebted upon a contract, in which an order staying proceedings as to one has been made, the plaintiff may proceed as to the other defendants as if the summons had not been served upon the party obtaining the stay, and, if he recover judgment, the same shall be entered and enforced as provided in subd. 1, sec. 11, chap. 124, R. S. That clause declares that, in an action against several jointly indebted on a contract, the plaintiff may proceed against the parties served, and, if he recover, shall take judgment in form against all the defendants jointly indebted, so far as to enforce it against the joint property of all. Since the statute requires the judgment to be, in form, against both *Bicknell* and *Curtis*, it was erroneous to take it against one alone. This is not a mere formal defect which may be overlooked, but is a matter of substance. *Nelson vs. Bostwick*, 5 Hill, 37. It changes the form of the *fi. fa.*, and may prejudice *Bicknell* in the collection of the money.

The judgment of the circuit court must, therefore, be modified so as to be in form against both the makers of the note.