SYMMS GROCER COMPANY, *et al.* v. BURNHAM, HANNA, MUNGER & CO., *et al.*

(Filed February 18, 1898.)

1. ATTACHMENT—*Against Partners.* Where partnership property was attached and the petition and writ contained the names of two only of the three partners, and the petition was subsequently amended by adding such third partner as a defendant. but. in the meantime, other creditors had attached the property in actions against all three of the partners, the amendment of the petition in the first action related back to the time of the filing of the original petition therein, and gave to the proceedings therein the same effect as though all three of the partners had been named as defendants in the original petition, and the attachments of other creditors levied between the filing of the original petition and of the amended petition did not become prior liens upon the partnership property.

2. PARTNERS—*Service Upon.* Where an action is against the members of a co-partnership for a partnership debt, and one or more of such partners shall have been served with process, but not all of them, the plaintiff may proceed with his action against the defendants served and if he recover in the action he may have judgment entered against all the defendants jointly indebted, whether served with process or not, but such judgment cannot be enforced against the defendants not served, except against the co-partnership property.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before James R. Keaton, District Judge.*

*Cotteral & Hornor*, for plaintiffs in error.

*Green & Strang*, for defendants in error.

Opinion of the court by

TARSNEY, J.: On November 26, 1894, C. W. Crawford, James Shriver and Pearl Shriver, as partners, were engaged in mercantile business at Edmond, O. T., under

the firm name and style of Crawford, Shriver & Co.  On that day the firm failed. and attachments were levied on the partnership property in the order and for the amounts following:  Coyle & Smith, $352.85;  Raney-Alton Mercantile Co., $158.75;  Burnham, Hanna, Munger & Co., $1,267.45;  McCord-Collins  Commerce  Co.,  $282.09; Symms Grocer Co., $431.87;  Barton Bros., $668.45; and Smith-McCord Dry Goods Co., $387.74.

The suit of Burnham, Hanna, Munger & Co. was brought against W. Crawford and James Shriver,. and the summons and writ in said cause ran in the names of W. Crawford and James Shriver, as defendants.

On January 12, 1895, Burnham, Hanna, Munger & Co. filed an amended petition in their cause against "W. Crawford, James Shriver, and Pearl Shriver, partners as Crawford, Shriver & Co."  None of the other processes or papers in the case were ever amended; no new summons or writ was issued and no service of any process was ever had in the cause against Pearl Shriver.  None of the defendants appeared or answered in any of said actions, but judgments were taken against all of said defendants, including Pearl Shriver.  By an order of the court made in the Burnham, Hanna, Munger case, the property seized under the attachment writs, which included all of the partnership property of Crawford, Shriver & Co., was sold by the sheriff and the proceeds, amounting to $2,605, was ordered to be deposited with the clerk of the court and held to await the further order of the court for its distribution.

Before the attached property was sold, Charles P. Kellogg & Co. began a replevin suit against the sheriff, who held the property under the attachment writs, to recover

a certain portion of said property, claiming the same to have been fraudulently purchased by Crawford, Shriver & Co. Under this writ of replevin about $800 worth of the property seized under the attachment was taken from the sheriff, who gave a re-delivery bond therefor and placed the same back into the stock held under the attachments, and said goods were sold under the order of sale and were included in the $2,605.

On January 19, 1895, the district court made an order distributing the funds so in the hands of the clerk according to the priority of the liens of the respective attachments, directing the payment in full of the judgments of Coyle & Smith, Raney Alton, Mercantile Co., and Burnham, Hanna, Munger & Co., and that the balance remaining in the hands of the clerk should so remain to await the final determination of the replevin suit.

On February 4, 1895, the plaintiffs in error, who are all the attaching creditors, (except the three first named,) filed a motion to vacate and modify the order of January 19, 1895, and on February 14, 1895, the said plaintiffs in error filed a supplemental motion, asking for an order vacating said order of January 19, 1895, and that the defendants in error be required to pay back to the clerk of said court the money that had been paid to them under said previous order. This motion was by the court overruled and plaintiffs in error bring the case here.

The defendants in error move the dismissal of this appeal for the reason that the original defendants, W. Crawford, James Shriver and Pearl Shriver, are not made parties to this proceeding in error. This motion cannot be sustained. While it is true that the failure to serve a case-made upon any one of the parties to an action,

who might be prejudicially affected by a modification or reversal of the judgment, defeats the jurisdiction of the supreme court and requires a dismissal of the proceedings in error; yet this rule cannot apply to this case, for the reason that Crawford, Shriver & Co. are not a party to this proceeding and cannot be affected by any order of this court that can be made herein.   The only point in controversy between the parties to this record is with reference to the priorty of liens and the distribution of the fund among the attaching creditors.   The amount of the fund being insufficient to satisfy all of the judgment creditors, a vacating of the order of distribution and a re-distribution, cannot in any manner affect the rights of Crawford, Shriver & Co.   It follows that if their rights cannot be affected by this proceeding they are not necessary parties.

The substantial question in the case is, whether the court below erred in refusing to sustain the motion of plaintiffs in error to vacate the order of distribution previously made, and this depends upon the validity and effect of the proceedings had in the case of Burnham, Hanna, Munger & Co. against the attachments of defendants. It is conceded that those proceedings were commenced and the writ therein levied upon the property prior in point of time to the commencement of proceedings by the plaintiffs in error and before the levy of any writ in the actions commenced by them.   It is conceded that the debt for which Burnham, Hanna, Munger & Co. brought their suit, was a partnership debt due from Crawford, Shriver & Co., and was the joint and several obligation of each and all the members of said firm, and that the property seized under the writ in that case was the property of

said firm; but the contention of plaintiffs in error is that the proceedings instituted by Burnham, Hanna Munger & Co. gave them no priority over the subsequent attaching creditors, for the reason that their action was begun and prosecuted against two of the partners only, whereas the subsequent attaching creditors began their suit against all three of the partners; that a suit against a portion of the partners is simply a suit against them individually and does not constitute a lien upon the partnership effects as against subsequent attaching creditors whose action is brought against all the members of the partnership, as such; and plaintiffs in error rely upon the rule stated by Mr. Bates in his work on partnerships, secs. 1098, 1099, as follows:

"It is to be noticed that a creditor of the partnership, who has brought his action against a single partner or partners, and not against all, or who, having brought his action or obtained a judgment against all the partners, levies his attachment or execution upon the interest of an individual partner, is goverened by the same principles that apply to attachments or executions by the separate creditors of a single partner."

Therefore, that as a creditor of the partnership, when he sues a single partner, or less than the whole number of partners, stands in the same relation to the assets of the partnership as does a separate creditor of a single partner, and as such separate creditor can only reach the interest of such partner in the surplus of the partnership assets, after all debts due by the firm have been paid, the defendant in error, Burnham, Hanna, Munger & Co., is brought within these rules, and their proceeding only reached the right of W. Crawford and James Shriver to their share of the surplus of the partnership

effects after all partnership debts had been paid, and that, consequently, the liens of plaintiffs in error upon the partnership assets were paramount to that of the defendant in error, Burnham, Hanna, Munger & Co. If the action of Burnham, Hanna, Munger & Co. was an action against two individual members of the firm, this contention of plaintiffs in error would not be without force; but Burnham, Hanna, Munger & Co. did not commence their action with any intention to prosecute it against a part of the members of the defendant firm, but supposed at the time the action was commenced that all the individuals who constituted said firm were made defendants. Learning almost immediately thereafter that there was a third partner in said firm, who was not named in their proceedings, they asked leave of the court and filed an amended petition, adding as an additional defendant the name of the third partner.

Had the original petition named the three partners as defendants, there would be no question of the regularity of the proceedings, though the summons and writ ran against only two of said partners and was not served upon the third one; as, in an action against joint debtors service of summons on one authorizes judgment against all, which may be enforced by execution against the joint property, although the other defendants are not served and do not appear in the action: (Code of Civ. Proc. sec. 3957, Laws of 1893; *Steinberger v. Burnheimer*, 121 N. Y. 194.) The same rule applies in the case of an attachment. Where an attachment issues against the property of several defendants in an action on a joint liability it may be executed by a seizure of the joint property and, although the summons is served on but one of the

defendants and no service is made or publication commenced against the other defendants, the attachment cannot be vacated as to them for that reason; the attachment and the lien continues and if the plaintiff obtains judgment on the joint liability, the joint property seized on the attachment may be sold on the execution.  The right to seize the joint property on an attachment in an action against joint debtors, although the summons is served on one only, is the same as in a case of execution on a joint judgment, under similar circumstances: (*Yerkes v. McFadden, et al.*, [N. Y. Apps.] 36 N. E. 7; *Anglo-Amer. P. & P. Co. v. Turner Casing Co.*, [Kan. Sup.] 8 Pac. 403; *Lewis v. Adams*, [Cal. Sup.] 11 Pac. 833.)   But it is conteded by plaintiffs in error that the provision of our code and the author'ties just cited do not apply in this case; that it only applies where the action is commenced originally against the several defendants and where some of those named in the original petition are not served.   The language of the provision of our code is:

"Where the action is against two or more defendants and one or more shall have been served, but not all of them, the plaintiff may proceed as follows: (1) If the action be against defendants jointly indebted upon contract, he may proceed against the defendants served unless the court otherwise directs; and if he recover judgment it may be entered against all the defendants thus jointly indebted so far only as that it may be enforced against the joint property of all and the separate property of the defendants served.   (2) If the action be against the defendants severally liable, he may, without prejudice to his rights against those not served, proceed against the defendant served in the same manner as if they were the only defendants."

The contention that this statute can be made to apply only to cases where the action is against all of the joint debtors and such joint debtors are named as defendants in the original petition and process, ignores the purpose and effect of our statute relating to the amendment of pleadings, process and proceedings.     Under our code, any pleading, process or proceeding may, by leave of the court, be amended by adding or striking out the name of any party, or correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, when such amendment does not change substantially the claim or defense. (Code Civ. Proc., sec. 4017, Laws of 1893.)   The purpose of this provision was to authorize courts to look to the substance of things rather than the form, and to persons and things rather than to mere names.   This purpose constitutes the life and spirit of our reform system of procedure;   under it any proper amendment may be made, provided the action be still for the same demand upon which it was brought and neither bail nor receiptors nor subsequent attaching creditors have any right to complain when the amendment does not, in fact, prejudice their rights. (Enc. of Pleading & Prac., vol. 1, p. 676.)

The purpose of an amendment being to correct defects, its operation is retroactive and makes the pleading, process or proceeding as if the defect therein had never existed.   In general, when an amendment has been properly made and is for the same cause of action, the amended pleading is regarded as a continuation of the original pleading and takes effect as of the date when the latter was filed. (Enc. of Plead. & Prac., vol. 1, p. 621, and cases cited; *Sullivan v. Langley, et al.*, 128 Mass. 235.)   When

the petition of Burnham, Hanna, Munger & Co. was amended by adding the name of Pearl Shriver as a co-defendant, and alleging that the three defendants named therein constituted the co-partnership of Crawford, Shriver & Co., it took effect as of the date when the original petition was filed and stood in lieu thereof from that date, and the action must be regarded as against all the defendants from the date when the original petition was filed, and, therefore, the proceeding was clearly within the provisions of sec. 3957 of the code, *supra*; and the action being against three defendants, jointly indebted to the plaintiff upon contract, but only two of said defendants having been served, the plaintiffs had a right to proceed without the service of process upon the other defendant and take judgment against all three and enforce the same against the joint property of all.

In *Christal v. Kelly*, 88 N. Y. 285, it was held that the sureties in an undertaking given to discharge an attachment in an action originally commenced against two defendants as co-partners, to recover on a firm note, were liable to pay the judgment subsequently recovered on the note against the original defendants and another person, a partner in the firm, who was made defendant after plea in abatement. We think that case identical in principle with the one at bar.

The rule laid down in Drake on Attachments, (6th ed. sec. 287,) that the introduction of new defendants into the writ after the levy, will have the effect of dissolving the attachment as against subsequent attachments, is not the rule under modern procedure. The case of *Denny, et al. v. Ward*, 3 Pickering 199 and which is made the basis of the rule laid down by Mr. Drake, and wherein it was

held that where partnership property was attached upon a writ containing the names of three only out of four partners and, subsequently, the name of the fourth was inserted, but in the meantime another creditor had attached the property upon a writ against the four partners, the insertion of the name of the fourth partner vacated the first attachment as against the second, was decided in 1822, when there was no statute of Massachusetts authorizing the amendment of proceedings in attachment by making new parties thereto; but this is not now the rule in that state, as the subject is now regulated by statute so that new defendants may be brought in and added after the suit has been commenced against another or others, without depriving the plaintiff of the benefit of any attachment made or bail taken. (Rev. St. Ch. 100.)

The allowing of the amendment and its relation back does not deprive the plaintiffs in error of any substantial rights. When their attachments were levied the property was in the custody of the law in the action commenced by Burnham, Hanna, Munger & Co. Their levies were subject to the rights of Burnham, Hanna, Munger & Co., they were charged with knowledge of the statute of amendments and that under that statute any defect in the pleadings, process or proceedings under which the property was held might be perfected by amendment; and that when so amended the action would stand with all rights of the parties existing from the commencement as if there had been no defects therein.

We deem it unnecessary to discuss the proposition presented by plaintiffs in error that the order of January 19, 1895, was an order of the judge at chambers and not an

order of the court, and therefore void. The journal entry shows it to have been an order of the court and whether the journal can be impeached by the oral testimony of the judge that the court was not in session when the order was made, is a question not necessary to be decided, as this appeal is not taken from that order but from an order upon a motion to set aside and vacate that order and to require defendants in error to restore the fund thereby distributed. The question directly presented by the order appealed from was the question of priority of the rights of the parties to the fund, and the court below held that whether the previous order directing the distribution was made by the court or by the judge thereof in vacation, the fund was properly distributed and refused to order its restoration. In this we think the court below was correct. It being our conclusion that the proceedings in the Burnham, Hanna, Munger & Co. attachment was regular to give them a prior lien over subsequent attaching creditors, they were entitled to be paid in full out of the proceeds of the property attached and, having been so paid, the court below would have no right to order them to refund.

The decision of the court below upon the motion is affirmed.

Dale, C. J., having presided in the court below, and Keaton, J., having been of counsel, not sitting; all the other Justices concurring.