SAYRE COMMISSION CO. *et al.* v. KEEN.

No. 538.    Opinion Filed July 12, 1910.

(110 Pac. 775.)

**PARTNERSHIP—Actions—Process—Judgment.** Where an action is against the members of a copartnership for a partnership debt, and one or more of such partners shall have been served with process, but not all of them, the plaintiff may proceed with his action against the defendants served, and, if he recover in the action, he may have judgment entered against all the defendants jointly indebted, whether served with process or not, but such judgment cannot be enforced against the defendants not served, except against the copartnership property.

(Syllabus by the Court.)

*Error from Roger Mills County Court; E. E. Tracy, Judge.*

Action by J. E. Keen against the Sayre Commission Company and others. From a judgment in favor of plaintiff, defendants bring error. Reversed and remanded.

*Dudley B. Madden* and *W. E. Tomme,* for plaintiffs in error.

KANE, J. This was an action to recover for services rendered under a contract commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below. The case was entitled J. E. Keen, Plaintiff, v. The Sayre Commission Company, a Copartnership, and Isaac Lewis, Will Lewis, Ed Lewis, Sol Lewis, Robert Lewis, and Gus Elwonger, Defendants. The return of the sheriff to the summons was as follows:

"I received this summons on the 3rd day of Dec., 1907, * * * and executed the same in my county by delivering a true copy of the within summons, with all the indorsements thereon to Isaac Lewis and Ed Lewis."

There was no appearance by the defendants as a copartnership, except to move the court to dismiss the case for the reason that no service of summons had been had on any of the members of said firm while the same were residing in Roger Mills county,

which motion was overruled. Afterward the court rendered judgment by default as follows:

"And now on this day this cause comes on for hearing, the same being a regular adjourned day of the January term, 1908, of this court, and, the court being duly and regularly in session, the plaintiff appearing in person and by attorney, and the defendant failing to appear or defend, but after being three times called, wholly made default, and it appearing to the court that defendant has wholly failed to file answer herein as heretofore required by the order of the court, it is found by the court that defendant, after making general appearance herein, is in default. And the court, being fully advised in the premises, gives judgment for plaintiff. It is therefore considered, ordered, and adjudged by the court that plaintiff J. E. Keen do have and recover of and from the defendants, the Sayre Commission Company, a copartnership, and of and from the members of said company, to wit, Isaac Lewis, Will Lewis, Ed Lewis, Sol Lewis, Robert Lewis, and Gus Elwonger, the sum of three hundred and fourteen and 26-100 dollars ($314.26), together with all costs in this behalf incurred, taxed at $5.05, for all which let execution issue."

To reverse this judgment, this proceeding in error was commenced.

There are numerous errors assigned by counsel for plaintiffs in error which he claims are apparent on the record. As we are of the opinion that the first one assigned is well taken, and will necessitate a reversal of the cause, it will not be necessary to notice the others. This contention is stated in the brief of counsel as follows:

"The judgment in this action is personal in form, and not only a judgment against the Sayre Commission Company, but is also a judgment against each individual named as a partner, without restriction. The record shows that service was not even pretended to have been made upon any of those individuals other than Isaac Lewis and Ed Lewis; and, had such pretended service been valid, such an unrestricted judgment as that rendered, in that it does not conform to statutory requirements, would be not only error, but, as to the defendants not served, would be void for want of jurisdiction."

In support of this statement, counsel. cite section 4283, Wilson's Oklahoma Statutes; 23 Cyc. 692; *Peabody v. Oleson,* 15 Colo. App. 346, 62 Pac. 234; *Blythe et al. v. Cordingly et al.,* 20 Colo. App. 508, 80 Pac. 495; *Brawley v. Mitchell,* 92 Wis. 671, 66 N. W. 799; *Symms Gro. Co. v. Burnham Co.,* 6 Okla. 618, 52 Pac. 918. Section 4283, *supra,* provides that where the action is against two or more defendants, and one or more shall have been served, but not all of them, the plaintiff may proceed as follows: First. If the action be against defendants jointly indebted upon contract, he may proceed against the defendants served, unless the court otherwise direct; and, if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property. of the defendants served; and, if they are subject to arrest, against the persons of the defendants served, etc. It seems quite clear that the court below went too far in rendering its judgment generally against the firm and against the individual members also.

The judgment of the court below is reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

All the Justices concur.