## HEATON v. SCHAEFFER.

No. 2021.   Opinion Filed September 17, 1912.

(126 Pac. 797.)

**PARTNERSHIP—Action Against Firm—Judgment Against Individual Partner.** In a suit against a partnership, where only one member of the firm is served, it is error to render an individual judgment against the member served. In such case judgment should be rendered against the firm, and such judgment could be enforced against the partnership property and the individual property of the member served.

(Syllabus by Rosser, C.)

*Error from Osage County Court;*
*C. T. Bennett, Judge.*

Action by Henry Schaeffer against C. H. Beach and W. C. Heaton, as partners.   Judgment against W. C. Heaton individually, and he brings error.   Reversed and remanded.

*Grinstead, Mason & Scott,* for plaintiff in error.

*Boone, Leahy & MacDonald,* for defendant in error.

Opinion by ROSSER, C.   This was a suit by Henry Schaeffer against C. H. Beach and W. C. Heaton, as partners, to recover the price of some whiskies and other saloon supplies.   No service was obtained upon Beach.   There was a verdict and judgment against Heaton individually.   The proof showed a partnership between Beach and Heaton.   Heaton brings the case here, and assigns only one error, which is as follows:

"The court erred in rendering judgment upon the verdict of the jury finding in favor of plaintiff and against the defendant W. C. Heaton only."

It is Heaton's position that the judgment should have been taken against both himself and Beach. He relies on sections 5008 and 5619, Comp. Laws 1909. Section 5008 provides that:

"Every general partner is liable to third persons for all the obligations of the partnership, jointly with his copartners."

Section 5619 provides that:

"Where the action is against two or more defendants, and one or more shall have been served, but not all of them, the plaintiff may proceed as follows: First, if the action be against defendants jointly indebted upon contract, he may proceed against the defendants served unless the court otherwise direct; and if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served; and if they are subject to arrest, against the persons of the defendants served."

It is reluctantly concluded that defendant's contention is correct. The common-law doctrine as to partnership obligations survives in this state, except so far as it has been modified by section 5619, Comp. Laws 1909, quoted above. That section enables a creditor to obtain judgment against joint obligors by service against only one, so far as the judgment affects joint property, thus changing the rule at common law that all the joint obligors must be summoned (4 Minor's Inst. 650; 1 Tidd. Pr. 420), but prevents the judgment from being enforced against the individual property of the obligors not served. The statute does not permit an individual judgment to be rendered in a suit against a partnership. The theory is that, the debt being a joint one, the judgment must be joint.

In *Sayre Commission Co. v. Keen,* 26 Okla. 794, 110 Pac. 775, Keen sued the Commission Company and the individuals composing the firm. Service was obtained on only two of the partners, but judgment was entered against the Commission Company and all the parties as individuals. The judgment was reversed. A reversal, of course, was necessary in that case, because an individual judgment was rendered against some of the partners not served. But Mr. Justice Kane quoted the statute (section 5619, Comp. Laws 1909, set out above), and then said:

"It seems quite clear that the court below went too far in rendering its judgment generally against the firm and against the individual members also."

This language extends, not only to the partners not served, but to those served, and seems to imply that on a joint contract an individual judgment could not be entered.

The case of *Brown v. Williams,* 24 Okla. 308, 103 Pac. 588, while not directly in point upon the question involved, decides that in an action against a partnership it is error to admit evidence charging one of the partners individually. *King v. Timmons,* 23 Okla. 407, 100 Pac. 536, decides that, where a person was sued as an individual, it was error to permit a recovery against him as a partner. The case of *Cox v. Gille Hdw. & Iron Co.,* 8 Okla. 483, 58 Pac. 645, is almost directly in point. In that case it was held that where a suit was brought against an individual, and the petition showed on its face that the debt sued on was a partnership debt, the petition was demurrable for the reason that it was a joint debt and all the partners must be joined.

A consideration of the statutes quoted and cases cited, together with the case of *Symms Grocer Co. v. Burnham, Hanna, Munger & Co.,* 6 Okla. 618, 52 Pac. 918, leads to the conclusion that in this jurisdiction a partnership is to some extent a separate entity from the individuals who compose it, and that the members of a firm are not directly liable upon a debt of the partnership, but their liability arises out of their connection with the firm, and is only traceable through the firm, and must be established by a judgment against the firm.

The exact point has been decided in other jurisdictions. In *Brawley v. Mitchell,* 92 Wis. 671, 66 N. W. 799, the Supreme Court of that state, construing a statute similar to section 5619, Comp. Laws 1909, held that it was error to enter judgment against only the partner served. The court said:

"To enter judgment against the defendant served, only, is not a mere formal error, but it is a matter of substance. This was so held in *Bacon v. Bicknell,* 17 Wis. 523. See, also, *Nelson v. Bostwick,* 5 Hill [N. Y.] 37 [40 Am. Dec. 310] ; *Stehr v. Ollbermann,* 49 N. J. Law, 633 [10 Atl. 547]. It changes the form of the execution."

In *Blackburn v. Sweet,* 38 Wis. 578, it was held that in such cases the judgment should show that it was rendered upon a joint liability, and show which defendant had been personally served.

In *Peabody v. Oleson,* 15 Colo. App. 346, 62 Pac. 234, in passing upon a similar statute, the court said:

"The above section only provided a method of suing a partnership in addition to the remedy then existing. It made the service of summons upon one partner sufficient to bring the partnership into court and bind its property by the judgment. In such case no personal judgment could be obtained against the partners not served; and, as to them, the judgment rendered could bind only their interests in the partnership property. The judgment should be against the partnership, and in a proper manner the individual property of the member or members served might be reached for the purpose of satisfying it. *Craig v. Smith,* 10 Colo. 220 [15 Pac. 337]; *Dessauer v. Koppin,* 3 Colo. App. 115, and Appendix, 582 [32 Pac. 182]."

Many states have by statute made all contracts which were joint at common law both joint and several, and under such statutes an individual judgment can be rendered against one partner on a partnership debt. Our statute with reference to partnership debts makes them the joint debts of the partners. The rule is otherwise as to joint obligations not of partnership character. *Outcalt v. Collier,* 8 Okla. 473, 58 Pac. 642; *McMaster v. City Natl. Bank of Lawton,* 23 Okla. 550, 101 Pac. 1103, 138 Am. St. Rep. 831.

It is urged that, as the defendant was shown by the evidence to be a partner, this court should correct the judgment and permit it to stand. The trouble is that it is a jury case, being an action to recover money. The defendant has not waived a jury. There is no verdict against the partnership, but only an individual member of it. This court cannot render a judgment where there has been no verdict.

The case should be reversed and remanded.

By the Court: It is so ordered.