## HOLMES *et al.* v. ALEXANDER.

No. 5458.   Opinion Filed November 2, 1915.

(152 Pac. 819.)

1. **APPEAL AND ERROR—Revivor—Action Against Partnership.**
Where, in an action against a partnership, service is made by publication and the appearance is by the partnership only, and judgment is rendered against the individuals composing the firm, and, pending the appeal, one of the partners dies, **held,** a failure to revive in the name of his personal representative is not fatal to the appeal, inasmuch as the trial court was without jurisdiction to render an individual judgment against the deceased.

2. **PARTNERSHIP—Action Against—Process—Judgment.**  In an action against a partnership, where service is made upon the firm only, a judgment rendered against the individuals composing the partnership is void for the reason that it is rendered against parties not before the court.

3. **PARTNERSHIP—Nature—Partners.**  A partnership is a distinct entity from the individuals who compose it.

(Syllabus by Galbraith, C.)

*Error from County Court, Carter County;*
*W. F. Freeman, Judge.*

Action by M. L. Alexander against Edward R. Holmes and Ralph W. Holmes, surviving partners of the firm of R. E. Holmes & Sons. Judgment for plaintiff, and defendants bring error. Reversed.

*J. B. Moore, Warner, Dean, McLeod & Langworthy,* and *William E. Byers,* for plaintiffs in error.

*Cruce & Potter,* for defendant in error.

Opinion by GALBRAITH, C.   This action was originally commenced in a justice of the peace court. On appeal to the county court it was tried to the court and a jury, and a verdict returned for the plaintiff. Judgment was rendered on the verdict as follows:

"It is therefore ordered, decreed, and adjudged by the court that M. L. Alexander, the plaintiff herein, do have and recover of and from R. E. Holmes, Ralph W. Holmes, and Edward R. Holmes, the defendants herein, jointly and severally, the sum of $200, together with all costs herein. To the above judgment the defendants in open court except."

A motion is hereby presented by the defendant in error to dismiss the appeal for the reason:

"That this court is without jurisdiction to hear and determine this appeal, for the reason that intermediate to final judgment and the filing of the proceedings in error in the Supreme Court, R. E. Holmes, who was one of the party defendants below, and against whom a judgment was rendered by the court in said cause, and one of the parties who prayed this appeal, died, and that no revivor of said action is shown by the record therein."

This motion is well taken, provided the judgment appealed from is valid, inasmuch as it appears from the face thereof that it was and is a joint judgment. *Holmes et al. v. Dillard,* 40 Okla. 309, 136 Pac. 408. This last case, however, is distinguished from the case at bar, in this: That in the Dillard case the action was prosecuted against the individuals composing the partnership of R. E. Holmes & Sons, and not against the partnership, as in this case, and in that case the individuals were served with summons and appeared in the trial court, while in this case the summons was against R. E. Holmes & Sons, and the service was made by publication against the partnership, and the appearance was by the partnership, and there was neither service upon, nor appearance by, R. E. Holmes. The judgment was therefore void as to him for want of jurisdiction in the trial court to render it. *Sayre Commission Co. et al. v. Keen,* 26 Okla.

7794, 110 Pac. 775; *Heaton v. Schaeffer,* 34 Okla. 631, 126 Pac. 797, 43 L. R. A. (N. S.) 540. The judgment being void as to R. E. Holmes, for the reasons above given, a failure to revive in the name of his personal representative was not fatal to the appeal, and the motion to dismiss should be denied.

There is, however, a further sufficient reason why this cause should be reversed and remanded, to wit: It appears from the face of the record that the judgment appealed from was void for want of jurisdiction in the trial court to render it, inasmuch as it was rendered against parties who were not properly before the court. The action was commenced against R. E. Holmes & Sons, a partnership composed of ———— Holmes and ———— Holmes. The garnishment affidavit, issued at the commencement of the action, alleged that R. E. Holmes & Sons were indebted, etc. The summons in the case was issued against R. E. Holmes & Sons, and the service made by publication against the partnership. The appearance in the court below was by R. E. Holmes & Sons, first by demurrer and then by answer. The judgment, however, appealed from was rendered not against the partnership, but against the individuals composing the partnership, to wit, R. E. Holmes, Ralph W. Holmes, and Edward R. Holmes, jointly and severally. It is said in *Heaton v. Schaeffer, supra:*

"A consideration of the statutes quoted and cases cited, together with the case of *Symms Grocer Co. v. Burnham, Hanna, Munger & Co.,* 6 Okla. 618, 52 Pac. 918, leads to the conclusion that in this jurisdiction a partnership is, to some extent, a separate entity from the individuals who compose it, and that the members of a firm are not directly liable upon a debt of the partnership, but their liability arises out of their connection

with the firm, and is only traceable through the firm, and must be established by a judgment against the firm."

These individuals against whom judgment was rendered were not brought into the case by the service of summons, nor did they make a voluntary appearance therein. Service of summons was upon R. E. Holmes & Sons, as a partnership, the appearance in the action was by the partnership. The judgment was not rendered against the party in court, the partnership, but against the individuals composing the partnership who were not in court. Therefore the court was without jurisdiction to render this joint and several judgment against these individuals composing this partnership, and the judgment appealed from is, for that reason, void. *Heaton v. Schaeffer,* 34 Okla. 631, 126 Pac. 797, 43 L. R. A. (N. S.) 540; *Sayer Commission Co. v. Keen,* 26 Okla. 794, 110 Pac. 775.

We therefore recommend that the judgment appealed from be reversed, and the cause remanded, with directions to grant a new trial.

By the Court: It is so ordered.