## CHOI v. TURK *et al.*

No. 6377.  Opinion Filed January 11, 1916.

Rehearing Denied February 15, 1916.

(154 Pac. 1000.)

1. **JUDGMENT—Validity—Pleadings—Evidence.**  A judgment not justified by the allegations of the petition and not supported by the evidence is void.

2. **SAME—Vacation.**  A void judgment should be vacated and set aside at any time upon motion of the defendant.

3. **APPEAL AND ERROR—Time for Appeal—Refusal to Vacate Judgment.**  An exception to an order overruling a motion to vacate a judgment which has been preserved in a case-made, served and settled as provided in section 5242, Rev. Laws 1910, may be brought to the Supreme Court for review by petition in error and case-made, within six months after the date of the entry of such order.

(Syllabus by Galbraith, C.)

*Error from Superior Court, Oklahoma County; Edward Dewes Oldfield, Judge.*

Action by Sarah Turk and another against Sam Choi.  Judgment for plaintiffs, and defendant brings error.  Reversed.

*James R. Lewis* and *Everest & Campbell,* for plaintiff in error.

*G. A. Paul,* for defendants in error.

Opinion by GALBRAITH, C.  This action was instituted in the trial court to recover money alleged to be due under a lease contract for a business room in a building located at 26 West Grand avenue, Oklahoma City.  Although an answer was on file, the cause was tried to the court, in the absence of the defendant,

and a judgment rendered in favor of the plaintiffs for $2,040. However, upon the presentation of a motion for new trial a *remittitur* in the sum of $400 was filed, and judgment was entered for $1,640. This judgment is attempted to be brought to this court for review by petition in error and case-made.

The defendants in error have presented a motion to dismiss the appeal on the following grounds:

"First. That said case-made was not served in time and in the manner required by law.

"Second. That the alleged errors complained of cannot be reviewed by this court by transcript of the proceedings had in the court below.

"Third. That this court has no jurisdiction to determine these proceedings and determine said cause."

The judgment in the trial court was entered on the 7th day of November, 1913. The motion for a new trial was filed on the 10th of November, and overruled on the 27th of December, 1913. There was an exception to the order overruling the motion for new trial, and the court allowed sixty days to make and serve a case-made on appeal to the Supreme Court, and ten days thereafter to suggest amendments, the case-made to be settled on five days' notice. Four days before the expiration of the sixty days given for making and serving case-made, to wit, February 21, 1914, the court made an order extending the time for making and serving the case thirty days. The time for serving the case-made was therefore extended until March 27, 1914. The case-made was not served until April 27, 1914. Therefore, in so far as the errors assigned in overruling the motion for a new trial and errors occurring at the trial are concerned, the same have been

abandoned, and are not brought up for review, for the reason that the case-made was not served and filed within the time as extended by the court. However, on March 21, 1914, the plaintiff in error filed in said cause a motion to vacate the judgment on two grounds, viz.: (1) On the ground of fraud on behalf of the plaintiffs in obtaining said judgment; and (2) because the judgment is not warranted by the allegations of the petition, and is not supported by the evidence at the hearing, and is therefore void. This motion was accompanied by an answer to the merits of the cause, and after various continuances the court permitted the filing of the motion and answer, and on the 14th day of April, 1914, heard the motion and overruled the same. Exception was saved to this ruling. The court further denied the request for time to make and serve a case-made. Again exception was saved to this ruling. The time for making and serving a case-made as to the order denying the motion to vacate the judgment, not having been extended, under section 5242, Rev. Laws 1910, would therefore expire in fifteen days. It seems that the case-made was served prior to that time, to wit, on the 27th day of April, 1914, and was therefore served in time. The section of the statute above referred to also provides that the defendants in error shall have three days after service in which to suggest amendments, and the case-made and amendments shall upon three days' notice be submitted to the judge of the trial court, who shall sign and settle the same. It appears that notice was given to the counsel for defendants in error of the time and place of settlement of the case-made on the 1st day of May, 1914, and that the case-made was settled on the 5th day of May, 1914.

The notice of the time and place of settlement was therefore within the terms of the statute, and the case-made was properly served and settled, and brings up for review the exception to the order of the court denying the motion to vacate the judgment. The motion to dismiss the appeal should therefore be denied.

As to the merits of the cause the only question presented by the petition in error and case-made is the exception to the ruling of the trial court denying the motion to vacate the judgment, that is, the order made on the 14th of April, 1914. The grounds of this motion were: (1) Fraud by the defendants in error in obtaining said judgment; and (2) that the judgment is not warranted by the allegations of the petition, and not supported by the evidence.

The first ground of the motion is not here for review, inasmuch as the trial court heard the evidence and found against the claim of fraud, and his finding is conclusive on this court. However, the second ground of the motion is properly here for review. If the judgment was void, it was error in the trial court to deny the motion to vacate, and it was void if the allegations of the petition are not sufficient to justify the judgment, or if it is unsupported by the evidence. Sarah Turk, guardian, and J. Chonowsky commenced the action as plaintiffs, and alleged: (1) That on the 14th day of December, 1910, the plaintiffs, Chonowsky and Sarah Turk, then the administratrix of the estate of Nathan Turk, deceased, owned lot 20, block 5, Oklahoma City; that thereafter the estate of Nathan Turk was duly administered upon, his interest in the property distributed to his heirs, and Sarah Turk was duly and legally appointed guardian

of the minor heirs of said Nathan Turk; that on the said 14th day of December, 1910, the plaintiffs entered into a written contract with Sam Choi by the terms of which they leased to Sam Choi the lower floor of the building, 26 West Grand avenue, above described, for a period of three years, beginning January 1, 1911, for an agreed rental of $7,200, setting out a copy of the lease as an exhibit; that in pursuance of the terms of the lease Sam Choi entered into the occupancy of the premises, and continued to occupy the same until on or about the 24th day of April, 1913, when he abandoned and vacated the premises; that he paid as rental the aggregate sum of $5,400; that there is now due and unpaid by the plaintiff by virtue of the terms of said lease the sum of $1,800; "that the said plaintiffs had not terminated said lease, and had not taken possession of said premises." The prayer was for judgment in the sum of $1,800. There is a second count in the petition wherein it is alleged that by and under a verbal agreement between the parties the defendant agreed to restore the premises in the same condition they were in at the time he took possession; that he would do this at the termination of the lease; and that he failed to do this, and it would cost $500 to make such repairs. Therefore judgment was prayed in the sum of $500 additional, or $2,300. The lease attached to the petition bears date of December 14, 1910, and purports to have been made between John Chonowsky and Sarah Turk, administratrix of the estate of Nathan Turk, deceased, parties of the first part, and Sam Choi & Co., by Sam Choi, second parties, and the covenant in regard to the payment of rent reads as follows:

"To have and to hold the same to the said parties from the 1st day of January, 1911, to the 1st day of January, 1914, the said second parties in consideration of the premises herein set forth, agree to pay to the first parties as rental on the described premises the sum of seventy two hundred and no/100 ($7,200.00) dollars, payable as follows, to wit: $200.00 the 1st day of January, 1911, and a like amount on the 1st day of each month thereafter until said sum is paid in full."

The evidence offered at the trial was that Sam Choi had paid the rental as specified in the contract up until the 1st day of May, 1913, and that he vacated the premises the latter part of April, 1913. The suit was filed May 7, 1913, and the evidence offered on behalf of the plaintiffs shows that on the 13th day of August, 1910, an order of distribution was made in the estate of Nathan Turk, deceased, vesting the title to the leased premises in his minor heirs, and that afterwards Sarah Turk was duly appointed and qualified as guardian of said minor heirs. The lease introduced in evidence and upon which the cause of action is based is dated December 14, 1910, and purports to be executed by J. Chonowsky and Sarah Turk, administratrix of the estate of Nathan Turk, deceased, and is signed by "J. Chonowsky and Sarah Turk, and Sam Choi & Co., by Sam Choi, One of the Firm." It therefore appears from the evidence that Sarah Turk as administratrix of the estate of Nathan Turk had no control over the leased premises at the time of the execution of this lease; further, that she did not execute the lease as guardian, and that she owned no interest in the building that would justify her in making the lease, the one-half interest in the property that she claimed to represent belonged to her minor children, and the minors' interest was not and could not be bound by this lease.

*Capps v. Hensley,* 23 Okla. 311, 100 Pac. 515. It there-
fore appears that there was no legal authority in Sarah
Turk to execute the lease in the manner and form in
which the lease was executed, and therefore the evidence
offered did not support the judgment rendered, and the
same is for that reason void. *Holmes et al. v. Alexander,*
52 Okla. 122, 152 Pac. 819.

Again, under the lease contract in evidence, assuming
it to be a legal obligation, there was only $200 due when
the action was commenced. There was no supplemental
pleading filed, but the cause was tried on the original
petition. There was testimony that it would cost $300 to
make the repairs that Sam Choi had agreed to make, but
had failed to make. It therefore appears that the largest
judgment that the evidence would support was one for
$500. The judgment for $1,640 finds no support in the
evidence, and is not justified by the allegations of the peti-
tion. The motion to vacate should have been sustained
for this reason also. *McAdams v. Latham,* 21 Okla. 511,
96 Pac. 584; *Nicholson v. Midland S. & L. Co.,* 21 Okla.
598, 96 Pac. 747; *Harding v. Gillett,* 25 Okla. 199, 107
Pac. 665.

We therefore recommend that the judgment appealed
from be reversed, and said cause remanded to the trial
court, with directions to sustain the motion to vacate the
judgment, and for such further proceedings as may be
proper.

By the Court: It is so ordered.