## SPANGENBERG v. GALENA PERFORATING CO.

No. 11198—Opinion Filed Sept. 25, 1923.

1. **Partnership—Action Against Partner for Firm Debt—Parties Defendant.**

One member of a copartnership cannot be sued for the debt of the firm without joining all the members of the firm as defendants.

2. **Same—Liability of Partners—Statutes.**

Our statute (section 8126, Comp. Stat. 1921) making each general partner liable to third persons for all the obligations of the partnership jointly with his copartners is declaratory of the common law, and does not change or modify the common-law rule.

3. **Same—Action Against Firm—Judgment Against Individual Partner.**

In a suit against a partnership, where only one member of the firm is served, it is error to render an individual judgment against the member served. In such case judgment should be rendered against the firm, and such judgment could be enforced against the partnership property and the individual property of the member served.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by Galena Perforating Company, a corporation, against Jacob Spangenberg. Judgment for plaintiff, and defendant appeals. Reversed.

Noffsinger & Harris, for plaintiff in error.

E. B. Morgan and Harry G. Davis, for defendant in error.

Opinion by MAXEY, C. This suit was commenced in the superior court of Muskogee county on the 25th day of July, 1918, by plaintiff filing its petition against the defendant, which said petition alleges that on the 12th day of July, 1918, the defendant executed and delivered a certain check to E. E. Morgan of Galena, Kan., for the sum of $998.86. A copy of said check, with the indorsements thereon, is as follows:

"Galena, Kansas,
"July 12th, 1918.

"Pay to the order of E. B. Morgan, Atty. Galena Perforating Co., $998.86.

"Nine hundred and ninety-eight and 86-100 Dollars.

"Jacob Spangenberg
"Mining Account

"To Citizens' Bank of Galena.
"83-116 Galena, Kanas."

(Indorsed on the back as follows:) "E. B. Morgan, Atty., Galena Perforating Company."

This check was indorsed by E. B. Morgan to the plaintiff. Plaintiff further alleges that said check was duly presented for payment and payment refused, and this is made the basis of plaintiff's suit. Defendant in his answer set up, among other things, that at the time said check was given the defendant, Jacob Spangenberg, W. A. Jarvis, and A. J. Campbell were negotiating for the purchase of the Wayland Mining Company's property near Galena, Kan., and that the plaintiff, Galena Perforating Company, had commenced suit against the Wayland Mining Company for the amount of the check sued on in this action, and that by making some deductions, Jarvis, Campbell, and Spangenberg were induced to take up the claim of the plaintiff against the Wayland

Mining Company; and for this purpose opened an account in the Citizens' Bank of Galena by W. A. Jarvis depositing a check in said bank for the sum of $2,500. This deposit was designated as "mining account," and said check sued on was drawn on the mining account. The check was to be held by Morgan until Jarvis' check had time to go to Muskogee and clear, as it was understood that the check of Jarvis was the only money the parties had in the bank out of which to pay the check given by Spangenberg. For some reason, not necessary to notice here, Jarvis' check was not paid, and of course there was nothing in the bank at Galena to pay Spangenberg's check. Plaintiff filed a reply to defendant's answer and set up, as an exhibit to its reply, the contract between the Wayland Mining Company, Spangenberg and E. B. Morgan, attorney for the Galena Perforating Company, which sets out in detail the contract between the parties. At the time the check sued on was delivered, the plaintiff, Galena Perforating Company, executed a receipt to Campbell, Jarvis, and Spangenberg, which receipt is as follows:

"Galena, Kansas, July 12th, 1918. Received of Campbell, Jarvis and Spangenberg, the sum of $998.86-100 in full payment of the account due from the Wayland Mining Company to the Galena Perforating Company, upon which suit has been brought in the district court of Cherokee county, this suit to recover the amount of said claim, together with the costs of said action.

"The Galena Perforating Company,
"By————————
"Its Attorney."

The defendant, Spangenberg, in his answer sets up the defense that the check sued on was not the personal check of Spangenberg or his personal obligation, but was given in his representative capacity on a certain account to be created, which was to be known as a "mining account," and the words "mining account," following the name of Spangenberg, show that it was not defendant Spangenberg's individual check. The answer further alleges that Spangenberg, W. A. Jarvis, and A. J. Campbell were negotiating for the purchase of certain mining property, located near Galena, known as the Wayland Mining Company property; that the Galena Perforating Company understood that it was Jarvis, Campbell, and Spangenberg they were dealing with and not Spangenberg individually, and therefore contended the check was given for the debt of Jarvis, Campbell, and Spangenberg, and raised the question by his answer that the suit was not properly brought; that it should have been brought against Jarvis, Campbell, and Spangenberg. Defendant asked the court to give the following instructions:

"The court instructs the jury that the plaintiff must sue the defendant as he contracted with it, and recover accordingly; and that in this case if the defendant did not contract with the plaintiff in an individual capacity and did not represent or hold out to the plaintiff that he was so doing, and that the check here in question was executed and delivered with full knowledge of the plaintiff of all the conditions, circumstances, and relation of the parties, to wit: A. J. Campbell, W. A. Jarvis, and Jacob Spangenberg; and that if you further find, from the evidence, that said Jacob Spangenberg was not acting in his individual capacity, then the plaintiff having here sued the defendant in an individual capacity, cannot recover in this action."

The refusal to give this instruction is assigned as error, and is the first of the many errors assigned that the defendant argued in his brief. We will consider this error first, because if it is well founded, it will end the case.

It is not contended, as we understand it, that the defendant in error, Galena Perforating Company, did not understand at the time the check was given, that it was dealing with Jarvis, Campbell, and Spangenberg, and not with Spangenberg individually, because they plead in their reply certain statutes of the state of Kansas, which provide that all contracts which by the common-law are joint only, shall be construed to be joint and several, and that suit may be brought against any one or more of those who are liable. These statutes were offered in evidence by the defendant in error, but on objection were excluded by the court. So that those statutes are not before this court, and the case stands as though no Kansas statute had been pleaded. Defendant in error having gotten judgment below has contented itself with that judgment, and has not filed any cross-error in this court. Therefore, the case will have to be considered under the law of this state. Section 258, Compiled Statutes of 1921, is as follows:

"Service on Some of Several Defendants. Where the action is against two or more defendants, and one or more shall have been served, but not all of them, the plaintiff may proceed as follows:

"First. If the action be against defendants jointly indebted upon contract, he may proceed against the defendants served, unless the court otherwise direct; and if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served; and if they are subject to arrest, against the persons of the defendants served.

"Second. If the action be against defendants severally liable, he may, without prejudice to his rights against those not served, proceed against the defendants served in the same manner as if they were the only defendants."

Section 8126, Compiled Statutes of 1921 is as follows:

"Liability of Partners. Every general partner is liable to third persons for all the obligations of the partnership jointly with his copartners."

These sections have been in force in this state ever since the territory of Oklahoma was organized; and have been brought down in our statutes since statehood, and are still in force in this state and have been construed by the territorial Supreme Court and by our state Supreme Court in a number of cases, and the rule seems to be established beyond controversy that one member of a copartnership cannot be sued for the debt of the firm without joining the members of the firm as defendants—beginning with the case of J. R. Cox v. Gille Hardware & Iron Company, 8 Okla. 483, 58 Pac. 645, and followed in a long line of decisions by this court since statehood, which will hereafter be noticed. The case of Gille Hardware & Iron Company, just cited, was a suit brought by the Gille Hardware & Iron Company v. J. R. Cox. Judgment was entered on an order overruling defendant's demurrer to the petition and he appealed. Chief Justice Burford, in the body of the opinion, says:

"The first error assigned is that the court erred in overruling the demurrer to the petition. It is apparent from the face of the petition and by the verified statement of account, which is an exhibit to the petition, that the action is on a contract for goods and merchandise sold and delivered to J. R. Cox and Company."

Continuing, the learned Judge says:

"Unless the common-law rule is changed by our statutes, the demurrer for a defect of parties defendant should have been sustained. Partnership engagements being in law joint only, if objection is made to nonjoinder, all the partners who were such at the date of the contract must be joined as defendants, for partners are entitled to have the judgment go against all."

This case is followed in the case of Heaton v. Shaeffer, 34 Okla. 631, 126 Pac. 797. This was a suit where C. H. Beach and W. C. Heaton were partners. No service was obtained on Beach and there was a verdict and judgment against Heaton individually. The proof showed a partnership between Beach and Heaton. Heaton appealed the case to this court and assigned only one error, which was:

"The court erred in rendering judgment upon the verdict of the jury finding in favor of the plaintiff and against the defendant, W. C. Heaton only."

Judge Rosser in delivering the opinion of the court states that Heaton relied on the sections of the statutes above quoted, and after quoting these sections, Judge Rosser says:

"It is reluctanly concluded that defendant's contention is correct. The common-law doctrine as to partnership obligations survives in this state except so far as it has been modified by section 258, above quoted. That section enabled the creditor to obtain judgment against joint obligors by service against only one so far as the judgment affects joint property; thus changng the rule at common-law that the joint obligor must be summoned, but prevents the judgment from being enforced against the individual property of the obligors not served. The statute does not permit an individual judgment to be rendered in a case against a partnership. The theory is that, the debt being a joint one, the judgment must be joint."

Judge Rosser cites numerous authorities in support of his conclusions. In the case of Sayre Commission Company v. Keen, 26 Okla. 794, 110 Pac. 775, Keen sued the commission company and individuals composing the firm. Service was obtained on only two of the partners, but judgment was entered against the commission company and all the partners as individuals. The judgment was reversed. Justice Kane, who delivered the opinion in that case, quotes the statute, above cited, and says it seems quite clear that the court below went too far in rendering its judgment generally against the firm and against the individual members. Also in the case of Brown v. Williams, 24 Okla. 308, 103 Pac. 588, quoting from the syllabus, the court said:

"In an action against H. S. & B., as partners, it was error for the trial court to admit evidence tending to charge B. with the indebtedness on his individual promise to pay."

The case of Brown et al. v. First National Bank of Temple, 35 Okla. 726, 130 Pac. 140, was a case where Brown and Montgomery, as partners, were sued by the First National Bank of Temple. The jury returned a general verdict in favor of the plaintiff against said defendants, but without a finding against the partnership. This case was reversed by Williams, Justice. The case of Holmes et al. v. Alexander, 52 Okla. 122, 152 Pac. 819, was a suit originally brought in a justice court, appealed to the

county court and tried to the court and a jury, and the jury returned a verdict for plaintiff, and defendant appealed. The syllabus in this case is as follows:

"In an action against a partnership where service is made upon the firm only, a judgment rendered against the individuals composing the partnership is void for the reason that it is rendered against parties not before the court."

The third paragraph of the syllabus reads as follows:

"A partnership is a distinct entity from the individuals who compose it."

This opinion is by Galbraith, Commissioner, and reviews the former decision of this court and reaches the conclusion indicated by the quotation from the syllabus above.

We have referred to the above cases from our court to show what the rule is in this jurisdiction. There is no question in our mind but what the defendant in error understood perfectly well that it was dealing with Jarvis, Campbell, and Spangenberg jointly, and not with Spangenberg individually.

The receipt given for the check, above quoted, is conclusive evidence of this fact. Mr. Morgan, who was representing the defendant in error all through the negotiations, knew perfectly well that Jarvis, Campbell, and Spangenberg were acting as partners, and he advised them in regard to some matters concerning the deal, and he understood that they had started an account at the Citizens' Bank, a firm account, designated as "mining account" by Jarvis depositing a check to the credit of that account in the sum of $2,500, and it was understood at the time Spangenberg gave the check sued on that the check should be held until Jarvis' check cleared through the bank at Muskogee. So there can be no doubt from the evidence in this case that the defendant in error knew that this was not Spangenberg's individual obligation, but was a joint obligation of Jarvis, Campbell, and Spangenberg. Defendant in error proceeded upon the theory that the law of Kansas, as pleaded in its reply, making partners joint and severally liable, would control on the trial of this case. These statutes were rejected by the court and were not admitted in evidence. Therefore, we must resort to the law of the forum, and when we examine our statutes, which we have quoted above, and the decisions of this court construing those statutes, we are compelled to hold that the court below erred in refusing to give instructions Nos. 1 and 3 requested by defendant; No. 1 being as follows:

"Defendant asks the jury to return a verdict for the defendant"

—and No. 3 is above quoted. For these errors, the case will have to be reversed and remanded. There are numerous other errors argued in plaintiff in error's brief, but it will not be necessary to review them under our view of the case. Let the judgment of the trial court be reversed and the case remanded, with directions to the lower court to proceed in accordance with the views herein expressed.

By the Court: It is so ordered.