## HOWELL v. HART et al.

No. 27310.   June 29, 1937.

Everest, McKenzie & Gibbens, for plaintiff in error.

Twyford & Smith and William J. Crowe, for defendants in error.

BAYLESS, V. C. J. Edna L. Howell instituted an action in the district court of Oklahoma county against F. S. Hart and F. O. Wilson, seeking to quiet title to certain real estate. Judgment was rendered against her after a complete trial to the court, and she appeals.

There is no dispute over the record and steps in the title to this property, the contention of the parties being narrowed

to one issue of law—the validity of a judgment which will be described and discussed later in this opinion.

Capitol Realty Company was organized as a corporation under the laws of Oklahoma in the year 1913. Thereafter, it became the owner of the property involved herein and gave a mortgage thereon to plaintiff. In 1919 its charter and license to do business lapsed because of its failure to pay the annual fees. Thereafter, defendant Hart acquired some claim of title to the property, and instituted action No. 72965 in the district court of Oklahoma county against Capitol Realty Company, plaintiff herein, and other parties to quiet title. Service was obtained upon the company, and on March 22, 1932, judgment was rendered in favor of Hart and against the company. Plaintiff had not been served at that time, and no mention was made in said judgment concerning her or any other defendant in that action. Thereafter, and on August 12, 1933, the company conveyed plaintiff the property involved herein in consideration of a credit upon the mortgage held by plaintiff. Thereafter, and on October 4, 1933, Hart took a default judgment, in action No. 72965, against plaintiff; the journal entry of judgment quieted title in favor of Hart, defendant herein, against Howell, plaintiff herein.

Plaintiff says the judgment of March 22, 1932, is invalid because the service of process on the corporation was fatally defective and was insufficient to confer jurisdiction over the corporation; and that the judgment of October 4, 1933, was invalid as to her because the judgment of March 22, 1932, was against one defendant without ordering a continuance of the action as to the other defendant and, therefore, was an exhaustion of the jurisdiction of the court. In order to hold with plaintiff we must examine the service of process upon the corporation and hold it invalid, and we must construe our statutes relating to actions, trial, and judgments and hold that one trial and one judgment exhausts the trial court's power, unless the trial court specifically orders a continuance as to those parties not to be affected by the judgment.

We are impressed with the argument of the defendant that the first contention is immaterial in view of the fact that the corporation later deeded the property involved herein to plaintiff herein. The defendant says, in effect, that if it be conceded that the process served upon the corporation was deficient and the judgment thereon invalid, yet defendant took a judgment quieting title against plaintiff herein, and that plaintiff herein, a defendant therein, was legally and properly served. Therefore, says the defendant, the corporation is in no position to complain of the invalid judgment against it, and the plaintiff herein ought not to complain because the corporation sold her the property and she had ample opportunity thereafter to defend her title in No 72965, but did not do so. We agree. This leaves then the question of whether the judgment of October 4, 1933, is valid.

There are two answers to this unfavorable to plaintiff's contention.

If the judgment of March 22, 1932, was invalid against the corporation, it was invalid for any purpose. In other words, if the trial court had no jurisdiction over the corporation, it had no power to proceed against the corporation, and therefore could not exhaust its jurisdiction. To carry plaintiff's contention to its logical extension, no one's interests or standing was in any wise altered. Therefore, the trial court yet retained full power to proceed against plaintiff as a defendant in that action.

Second: Section 191, O. S. 1931, subdivision 2, reads:

"If the action be against defendants severally liable, he may without prejudice to his rights against those not served, proceed against the defendants served in the same manner as if they were the only defendants."

Section 352, O. S. 1931, reads:

"A separate trial between the plaintiff and any or all of several defendants may be allowed by the court, whenever justice will be thereby promoted."

Section 417, O. S. 1931, reads:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment may be proper. The court may also dismiss the petition with costs, in favor of one or more defendants, in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, or proceed in the cause against the defendant or defendants served."

The purport and effect of these sections

is to allow separate trials and judgments against defendants severally interested, as the defendants were in No. 72965. Section 191, supra, says the plaintiff may so proceed "without prejudice." Section 352, supra, says the trial court may allow separate trials when "justice will be * * * promoted." Section 417, supra, says the trial court may "in its discretion" act against some, and leave the action to proceed against others whenever judgment will be proper.

There is nothing in the language used in any of these sections indicating that the trial court must make an order positively retaining power and jurisdiction over the defendants not included in the judgment in order to retain the same.

There is nothing in these sections to indicate that a judgment against one or more defendants severally liable is a bar to the other defendants. This is the effect of the plaintiff's argument, when in our opinion the contrary is plainly indicated by the sections.

Our procedure is designed to permit flexibility, and we are required by statute (section 2, O. S. 1931) to construe our statutes liberally. The purpose of our Code of Civil Procedure is to allow to freedom of action, flexibility of movement,—to paraphrase the language of Mr. Justice Holmes, "allow a little play in its joints." (Bain Peanut Co. v. Pinson, 282 U. S. 501, 75 L. Ed. 482.) In other words, if a party has a several cause of action against several defendants and has obtained service of process against some and not others, there is no good reason why the plaintiff may not take his judgment against those served, and proceed against those not then served at a later and proper time. And we can see no logical reason for making this turn upon the inclusion or exclusion of certain words in the record—mere formalities. In other words, the trial court's power and jurisdiction remain until it affirmatively appears they have been fully used or otherwise actually terminated. See Outcalt v. Collier, 8 Okla. 473, 58 P. 642, and Symms Gro. Co. v. Burnham, 6 Okla. 618, 52 P. 918.

Affirmed.

OSBORN, C. J., and WELCH, CORN, and HURST, JJ., concur.