## TAYLOR et al. v. QUINNETT.

No. 14989—Opinion Filed Dec. 23, 1924.

Rehearing Denied April 14, 1925.

1. **Partnership — Partnership Liability — Judgment Against Partners — Satisfaction.**

Partnership liability is the joint liability of the individuals composing the copartnership; and where a plaintiff has such joint obligors before the court, and obtains a verdict of a jury in his favor against such joint obligors he is entitled to a judgment against all so jointly liable, and is entitled to satisfaction of his judgment out of the partnership property, or out of the individual property of any of the individual partners brought in by summons.

2. **Same—Appeal and Error — Modification of Judgment.**

Where, in a suit by a plaintiff upon a partnership obligation against a copartnership, the plaintiff obtains a verdict of a jury in his favor, upon which a judgment is entered against some of the joint obligors as partners, and against one of the joint obligors as an individual and on appeal from the judgment this is the only fault appearing upon the record, the judgment will be modified upon appeal according to the rights of the parties upon the record, and affirmed as modified.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by A. E. Quinnett against Leroy T. Taylor and O. G. Taylor, a copartnership under the firm name and style of Taylor Brothers, and Joe Davis. Judgment for plaintiff, and defendants appeal. Modified and affirmed.

Chas. E. Wells, for plaintiffs in error.

Goode & Dierker for defendant in error.

Opinion by SHACKELFORD, C. The plaintiffs in error were the defendants below, and the defendant in error was the plaintiff. The parties will be referred to herein as plaintiff and defendants as they appeared in the trial court.

The plaintiff commenced his action in the superior court of Pottawatomie county against the defendants for damages because of defective construction of a dwelling house which the defendants or some of them had builded for him. His allegations, in substance and effect, are that he entered into a contract with the firm of Taylor Brothers, a copartnership composed of Leroy T. Taylor and O. G. Taylor, who are in the real estate business and engaged in the construction of houses, to erect plaintiff a dwelling house on certain described lots in the city of Shawnee; that the contract was signed by Joe Davis, but was made for and on behalf of Taylor Brothers; that plaintiff paid the Taylor Brothers, defendants, the sum of $2,525 in cash and gave them his note for an additional sum of $220, for the services rendered and materials furnished; that said note is not yet due, and Taylor Brothers are the holders and owners thereof; that the house was not built according to plans and specifications agreed to, nor the class of materials used which was agreed upon; that by reason of the failure of the Taylor Brothers to perform the contract in erecting the building, he has a very defective dwelling, in that the material used was inferior and not up to the standard fixed by the original specifications, and that by reason thereof the house is well nigh worthless; that the paint is of cheap quality and is coming off; the shingles on the roof are of cheap quality, different from the kind agreed upon and not properly put on, and the roof leaks in many places and the plastering inside is being destroyed and falling off in places; that the front porch is out of line with the house walls and is about to fall down; that the foundation of the building was to have been set ten inches under the surface, but was, in fact, set on top of the ground, and is warped and out of line and

the house has become wrenched and strained in settling because of faulty construction of the foundation and other faulty construction; that the house is only five months old, but already needs to be repaired; and that some portions of the house, not readily noticeable, were never painted; that because of the faulty construction the house cannot be repaired to make it according to contract. The amount of damages alleged is the full amount of consideration paid for the material and erection, the sum of $2,745. The prayer is for damages in the sum of $2,745, to be credited with the amount of the note of $220 not yet due. To the petition is attached as exhibits copy of contract and written specifications, all signed by plaintiff and Joe Davis, defendant. The service of summons was upon Leroy T. Taylor and O. G. Taylor and Joe Davis, as individuals, and upon Taylor Brothers by service upon Leroy T. Taylor. The service of summons was attacked by motion to quash, but the motion was afterwards withdrawn. O. G. Taylor, Leroy T. Taylor and Joe Davis each appeared as individuals by each filing a separate general demurrer to the plaintiff's petition on the ground that the petition does not state facts sufficient to constitute a cause of action. Also Taylor Brothers filed a general demurrer on the same ground. The demurrers were sustained and the plaintiff, in due course, filed an amended petition. The amended petition was substantially the same as the original petition. The amended petition was attacked by motion to make more definite and certain, joined in by all the defendants. After the motion was overruled, the defendants joined in a demurrer to the amended petition for the reasons: (1) The insufficiency of the allegations to state a cause of action. (2) Defect of parties defendant. (3) Causes of action improperly joined. This demurrer was overruled. The defendants then joined in an answer to the amended petition, as follows: (1) A general denial. (2) Admitting the execution of the contract, and plea of performance according to the contract and specifications. (3) A plea of settlement of differences between the plaintiff and defendants, and a deduction of $176 from the contract price and the execution of the $220 note to the Taylor Lumber Company, together with a mortgage upon other real estate as security, in settlement of the balance owing for the material and construction of the house; and pleaded this part of the transaction as a final adjustment of the differences between the parties and as a bar to the plaintiff's claim for damages. This answer is not verified. On motion of

the defendants, some other parties were brought in as defendants and pleadings were filed by them; but it is unnecessary to take notice of such pleadings here, further than to say that it appears from such pleadings that the $220 note referred to in the pleadings of the original parties, together with its mortgage security, had passed to other parties not connected with the original transaction.

The cause was called for trial on the 25th. of June, 1923, and tried to a jury, resulting in a verdict in favor of the plaintiff for the sum of $685.50. Upon this verdict judgment was entered in favor of the plaintiff and against "Leroy T. Taylor and O. G. Taylor, doing business as a partnership under the firm name and style of Taylor Brothers, and Joe Davis." From the judgment Taylor Brothers and Joe Davis prosecute appeal. They present assigned errors under the following propositions:

"(1) That the suit was brought against Taylor Brothers, a corporation, and Joe Davis as an individual, with knowledge that Joe Davis was the agent for said Taylor Brothers, and as such agent could not be held liable and the judgment against Joe Davis was erroneous."

"(2) That the evidence of defendants showed and it was not disputed that Taylor, Taylor and Joe Davis were partners, and therefore the plaintiff was not entitled to a judgment against the defendant Joe Davis as an individual."

"(3) That the defendants pleaded a full settlement of differences, and plaintiff's evidence to the contrary was insufficient to support a judgment in his favor."

The allegations of the plaintiff's petition are that he entered into the contract with the defendant Joe Davis, acting for and on behalf of Taylor Brothers, and that Taylor Brothers accepted, ratified and adopted the contract and undertook to carry out its terms. It seems from the pleadings that the plaintiff did not know Joe Davis in the transaction other than as an agent for Taylor Brothers. His evidence tends to show that he was dealing with Taylor Brothers and that he did not know why the contract was made in the name of and signed by Joe Davis. If the plaintiff's right to recover against Joe Davis had rested there, the contention here made should be sustained, but it does not so rest. The defendant Joe Davis did not separately demur to the plaintiff's amended petition, because it does not state facts sufficient to constitute a cause of action against him. He seems to have been content in joining the Taylors in a general demurrer, and no point is made here that the overruling of the

demurrer was erroneous. He did not answer separately, setting up that he was acting as agent for the principal and could not, therefore, be held liable to plaintiff for failure to properly perform the contract. He joined the Taylor Brothers in the answer pleading performance of the contract, and pleading settlement in bar of the plaintiff's right of recovery. The answer presented the issue as to whether or not the contract had been performed, or if not performed, whether or not the differences had been adjusted by settlement with the plaintiff. The defendant, Joe Davis, put himself in the same position as the Taylor Brothers; that is, he joined them in asserting performance of the contract, or settlement, in a sense admitting a duty incumbent upon him along with the Taylor Brothers in carrying out the contract which he had signed, or along with the Taylor Brothers, who were tendering the defense that settlement of differences had been made. The proof offered by the defendants tended to show that Leroy T. Taylor, O. G. Taylor and Joe Davis were all partners in the transaction with the plaintiff. This fact was not disclosed by any pleading, and plaintiff seems to have not known of it until it was developed by the defendants' evidence. Under the proof, if not the pleadings, plaintiff had a right to a judgment against Taylor, Taylor and Joe Davis, a copartnership, if entitled to recover at all. And under the holdings of this court he would be entitled to satisfaction of his judgment out of the partnership property and the individual property of such of the parties as had been served with summons. There seems to be no statute authorizing a suit against a copartnership, as such. A partnership liability is, in short, a joint liability of the partners. Section 258, Comp. Stats. 1921, provides:

"Where the action is against two or more defendants and one or more shall have been served, but not all of them, the plaintiff may proceed as follows: First: If the action be against defendants jointly indebted upon contract, he may proceed against the defendants served, unless the court otherwise direct; and if he recover judgment it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served.* * *"

Thus we find if the liability is joint the plaintiff may proceed against the defendants served, unless the court directs otherwise; and if he recover a judgment it should be entered against all the defendants jointly indebted, to be collected out of their joint property only; and out of the separate property of the defendants served. Under the defendants' proof in this case, Leroy T. Taylor, O. G. Taylor, and Joe Davis were jointly liable to plaintiff if there was liability, and he is entitled to have satisfaction of his judgment out of the joint property of these three parties, that is, out of their partnership property; but this is not the full extent of his remedy, for he may go into the individual property of any one of the parties served with summons. In this case, the record shows that all three of these parties were served with summons, and each of them entered his individual appearance by a general demurrer to the plaintiff's original petition: and all appeared and contested the plaintiff's right to recover. From the above we reach the conclusion that under the proof offered by defendants plaintiff was entitled to a judgment on the verdict of the jury in his favor against Taylor, Taylor and Joe Davis, a copartnership, and is entitled to satisfaction out of their joint or partnership property, or out of the individual property of any one of the three.

It is not urged that the pleadings were insufficient on which to base the judgment that was rendered or on which to base the judgment proper in form under the proof. The verdict returned by the jury was a general finding in plaintiff's favor in the sum of $685.50. No exception was reserved to the form of the verdict by either plaintiff or defendants, and it seems that the verdict is sufficiently clear that the jury made their finding in favor of plaintiff and against the defendants and fixed his recovery in the sum named. The trial court noted in the judgment that defendants and each of them excepted to the judgment, but it does not seem to have been urged in the court below that the defendants were reserving an exception to the form of the judgment. That plaintiff was not entitled to a personal judgment against Joe Davis was not raised in the motion for a new trial. Neither is such question raised in the petition in error. Instead of raising any question as to the form of the judgment, counsel for plaintiffs in error O. K.'d it. It seems to us that if any good reason existed why the judgment should not have been entered against defendant Joe Davis, such reason should have been pointed out to the trial judge before the journal entry was signed, or, lacking in that, it should have been called to the attention of the trial judge in the motion for a new trial. Upon the record here presented, whether the plaintiff was entitled to a personal judgment against Joe Davis or not, he is entitled to have sat-

isfaction out of the individual property of the members of the partnership, including Joe Davis, if sufficient partnership property cannot be found. Under the circumstances presented here we do not feel that the cause should be reversed and a new trial ordered for the sole reason that the court rendered a judgment against Joe Davis as an individual.

It is unnecessary to discuss the second proposition. The same question is involved as in the first.

The third proposition is that full settlement was made with the plaintiff, and the trial court should have so held. The record tends to show that defendants called on plaintiff for a settlement of the balance of the compensation for materials furnished and services rendered, and claimed that it amounted to $326.47. Plaintiff claimed at that time that he did not owe any balance because of the defects in material and construction. The plaintiff's evidence tends to show that it was finally agreed that he should pay an additional $220 on the condition that the house would be changed in a manner satisfactory to plaintiff and his wife, corresponding to the specifications, but after the note was given covering the amount, nothing else was ever done to the house. From the plaintiff's evidence it seems that the arrangement was very different from a final settlemen of the differences growing out of defective material and construction. At least the evidence offered by the plaintiff upon this branch of the case was sufficient to require the submission of the matter to the jury. The court submitted the question in an appropriate instruction, and the jury resolved any conflict in the evidence in favor of the plaintiff. This court is bound by the finding of the jury under the well known and oft repeated rule that if there is any competent evidence in the record, reasonably supporting the verdict, it will not be disturbed on appeal because of the insufficiency of the evidence. The competency of the plaintiff's evidence is not complained of, and we have examined it and find it sufficient to support the conclusion of the jury that no settlement had been made.

We have examined the whole record and are of the opinion that the finding of the jury in plaintiff's favor is amply supported thereby. We have examined the instructions to the jury, and find that the questions were properly submitted therein, and no exceptions were reserved to the giving of instructions.

We are of the opinion that upon this rec-

ord the judgment should be modified so that no injustice might be done in the collection of the judgment. As the judgment stands it is against Taylor Brothers as a copartnership and against Joe Davis as an individual. Under the defendants' evidence plaintiff is entitled to a judgment upon the verdict against the partnership, which is composed of Taylor, Taylor and Joe Davis. The judgment should be modified to read:

"That the said plaintiff have and recover of and from the defendants Taylor, Taylor and Joe Davis, a copartnership composed of Leroy T. Taylor, O. G. Taylor and Joe Davis, all of whom were personally served with summons, the sum of $685.50, together with all the costs of this action; for all of which let execution issue against said partnership and the joint property be subjected to the payment of the said amount; and if the partnership property be insufficient to satisfy the judgment, then let execution issue against the individuals composing the partnership."

With this modification we recommend that the judgment be affirmed at the cost of the plaintiffs in error.

By the Court: It is so ordered.