**HASSEN et al. v. ROGERS et al.**

No. 17441—Opinion Filed Nov. 23, 1926.

Rehearing Denied Feb. 22, 1927.

1. **Partnership—Entity as Distinct from Partners.**

A partnership is a distinct entity from the individuals who compose it.

2. **Same—Judgment Against Partnership—Satisfaction from Individual Property of Partners.**

The judgment should be against the partnership, and in a proper manner the individual property of the member or members served may be reached for the purpose of satisfying it.

### 3. Same—Form of Judgment.

The judgment in the form rendered herein was error. On a proper verdict the judgment should have been that the said copartnership have and recover of and from the defendants, Ameen Hassen and Fred Gafford, a copartnership composed of Ameen Hassen and Fred Gafford, both of whom were personally served with summons, the sum of $652.50, together with all the costs of this action; for all of which let execution issue against said partnership and the joint property be subjected to the payment of the said amount, and if the partnership property be insufficient to satisfy the judgment, then let execution issue against the individuals composing the partnership.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Murray County; A. C. Barrett, Judge.

Action by Charis Rogers and another against Ameen Hassen and another. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Young & Powell and John A. Haste, for plaintiffs in error.

Stephen A. George, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Murray county, Okla., by Charis Rogers and Roy Duston, defendants in error, plaintiffs below, against Ameen Hassen and Fred Gafford, plaintiffs in error, defendants below, for the recovery of $652.50, with interest, as damages for failure to deliver 30 bales of cotton as per contract, and for costs. The parties will be referred to as plaintiffs and defendants, as they appeared in the lower court.

The petition alleges that the plaintiffs were co-partners, doing a general brokerage business under the firm name of Rogers & Duston, of Ardmore, Okla., and that the defendants are and were at all times hereinafter mentioned co-partners, doing a cotton brokerage business in the town of Sulphur, Okla.; that the defendants, acting through Fred Gafford, in a telephone conversation, on the 14th day of September, 1924, verbally sold f. o. b. cars in the town of Sulphur, Okla., 50 bales of cotton at and for an agreed consideration of 20.40c per pound and agreed to make prompt delivery of said cotton, which, according to usage of the cotton business prevailing at Sulphur and Ardmore, means within ten days or two weeks of said date; that plaintiffs made a verbal demand upon the defendants for the delivery of said cotton, and on the 24th day of September, 1924, the defendants delivered 20 bales of said cotton and drew draft on plaintiffs for $2,126.40, which was promptly paid; that defendants wholly neglected to deliver the other 30 bales, and on the 7th day of October, 1924, the plaintiffs made final demand for the delivery of said cotton, and that the defendants instructed the plaintiffs by telephone to purchase the remaining 30 bales for the account of defendants, and the plaintiffs were compelled to pay the market price of said cotton at that time, paying therefor 24.75c per pound, or a total sum above the contract price of $652.50; that demand had been made upon the defendants for this amount, which had not been paid, and prayed "judgment against the defendant and each of them" for said amount with interest and costs. Summons was issued against the two defendants above named, and duly served upon them individually. Motions were filed by the defendants appearing specially to quash the summons and service thereof, which was overruled by the court and exceptions reserved.

Thereupon, the defendants filed their joint demurrer, which is general in part and special, in that it was urged that the suit was brought by plaintiffs in their individual capacity, and it is alleged in the petition that they are a partnership, and that the cause of action is a partnership transaction, and, therefore, there was a defect of parties plaintiff. The defendants' demurrer was overruled, exception being reserved. Thereafter, the defendants filed their joint verified answer by way of general denial, and in addition denied specially that such contract was ever entered into, and denied that they refused to deliver the 30 bales complained of, or that they ever authorized plaintiffs to purchase the cotton for them, or ever agreed that they would pay the difference in price paid by plaintiffs. They denied that the cotton was purchased by plaintiffs at the price alleged, and the defendant Hassen denied that he ever made any contract with the plaintiffs, but alleged that, if such a contract were ever made defendants would have whatever time they desired to comply with the terms thereof; that plaintiffs agreed to and did extend time for delivery, and that the plaintiffs, in violation of the agreement, purchased said cotton at the time the cotton market reached its highest price level; and that, on October 15, 1924, defendants tendered plaintiffs said 30 bales of cotton and plaintiffs refused the same.

Plaintiffs replied by way of general de-

nial, and further alleged that defendants represented and held themselves out as partners in the transaction involved in this action, and that plaintiffs dealt with the defendants as partners, and that the defendant, Fred Gafford, in making the contract, acted for himself and codefendant Ameen Hassen, and if it be determined that they are not partners, then it is aleged that Fred Gafford acted as agent for his codefendant Ameen Hassen.

The cause proceeded to trial upon the issues thus formed before the court and jury. At the close of the testimony on part of plaintiff, defendants demurred to the sufficiency of the evidence, which demurrer was overruled and exception reserved, and, at the close of all the testimony, the defendants asked for an instructed verdict in their favor, and also for an instructed verdict in favor of the defendant Ameen Hassen, and as to certain other instructions, which were refused and exceptions reserved thereto, and certain other instructions given by the court were objected to by the defendants, which objections were overruled and exceptions reserved thereto. The jury returned its verdict as follows:

"We, the jury, impaneled and sworn to try the issues in the above-entitled cause, do, upon oaths, find for the plaintiffs as against the defendants and fix the amount of their recovery in the sum of $652.50. We the jury find for the plaintiff."

After defendants were unsuccessful in a motion for new trial, the court rendered its judgment upon the verdict:

"That the plaintiffs do have and recover of and from the defendants Ameen Hassen and Fred Gafford, and each of them, the sum of $652.50, with interest thereon at the rate of six per cent. per annum from the 7th day of October, 1924, and the costs of this action, for all of which 'et execution issue."

From this judgment the cause comes regularly to this court on appeal by the defendants.

Quite a number of specifications of error are assigned, but attorneys for defendants, in their brief, argue the same under the following heads:

"Proposition 1. A partnership is a separate entity from the individuals who compose it.

"Point 1. In this case suit was brought by a partnership against an alleged partnership.

"Point 2. The summons ran against the defendants as individuals.

"Point 3. The motion to quash should have been sustained.

"Point 4. The demurrer should have been sustained.

"Proposition 2. The judgment is contrary to law, in that the suit ran against a partnership, whereas an individual judgment was rendered, based on verdict that ran against defendants as individuals and not as partners.

"Point 1. This objection raised in motion for new trial.

"Proposition 3. The trial court erred in refusing to give instructions Nos. 1 and 4, as asked for by plaintiffs in error and erred in giving No. 4 as modified."

The question of partnership, existing between the two plaintiffs, is clearly proven, but the question of partnership as between the two defendants is not so clear, but, under the verified answer of the defendants, it is alleged affirmatively by them that the plaintiffs had agreed to extend them time for the purchase and delivery of the cotton, and to comply with the terms of the contract, and that after the extension had been granted by them, they allege "on October 15, 1924, defendants tendered plaintiff said 30 bales of cotton and plaintiffs refused same," and the invoice introduced in evidence dated September 24, 1924, shows the following: "Sold to Rogers & Duston," and further shows: "By Hassen Cotton Account", and signed "Hassen Cotton Account, Fred Gafford." In this state of the record we are clearly of the opinion that the legal inference must be that the partnership of the defendants was sufficient'y established independently of the testimony concerning the statement of Fred Gafford testified to by the plaintiffs, to an existing partnership.

As to the other errors and general assignment of errors and subdivisions thereof, we do not deem it necessary to consider but the one question as to whether error was committed in the verdict of the jury, where they find against the defendants as individuals, and the judgment of the court rendered thereon, where the court pronounces judgment in favor of the plaintiffs that they recover from the defendants "Ameen Hassen and Fred Gafford, and each of them, the sum of $652.50 with interest." It will be observed that the defendants are sued under the allegations of the petition that they are a partnership doing a cotton brokerage business.

Section 8126, Comp. Stats. 1921, says:

"Every general partner is liable to third persons for all the obligations of the partnership jointly with his copartners."

The judgment rendered in this case is not against the partnership jointly, but is a separate judgment against the defendants. In the case of Cox v. Gille Hardware & Iron Co., 8 Okla. 483, 58 Pac. 645, it is said:

"As a general rule, the members of a copartnership are jointly, and not severally, liable for the debts of the copartnership."

And it is further said, in said opinion, referring to the liability of partners and to the rights of partners, that "while each partner is liable in solido for all debts of the firm, yet the statute of our state is only declaratory of the common law, and does not change or modify the common-law rule," and in the case of Heaton v. Schaeffer, 34 Okla. 631, 126 Pac. 797, in the body of the opinion at page 632, it is said:

"The statute does not permit an individual judgment to be rendered in a suit against a partnership. The theory is that the debt being a joint one, the judgment must be joint."

—quoting with approval Sayre Commission Co. v. Keen, 26 Okla. 794, 110 Pac. 775, wherein a judgment was rendered against the partnership, and also the partners as individuals, and the judgment was reversed, and in the quotation from the last-mentioned case it is said:

"It seems quite clear that the court below went too far in rendering its judgment generally against the firm and against the individual members also."

Following this quotation, this court has this to say:

"This language extends, not only to the partners not served, but to those served, and seems to imply that on a joint contract an individual judgment could not be entered."

This court quotes with approval the case of Brawley v. Mitchell, 92 Wis. 672, 66 N. W. 799, in which the Supreme Court of that state said:

"To enter judgment against the defendant served, only, is not a mere formal error, but it is a matter of substance." Citing cases.

In the same opinion, the case of Peabody v. Oleson. 15 Colo. App. 346, 62 Pac. 234, the following is cited:

"The judgment should be against the partnership, and in a proper manner the individual property of the member or members served might be reached for the purpose of satisfying it." Citing cases.

In the body of the opinion, our court said:

"Our statute with reference to partnership debts makes them the joint debts of the partners."

And our court refused to correct the judgment and permit it to stand, saying:

"There is no verdict against the partnership, but only an individual member of it."

In the instant case there is neither a verdict nor a judgment against the partnership, but only against the individual members thereof.

In the case of Holmes v. Alexander, 52 Okla. 122, 162 Pac. 819. it is said:

"A partnership is a distinct entity from the individuals who compose it."

In the body of the opinion, this court quoted with approval from the case of Heaton v. Schaeffer, supra, as follows:

"A consideration of the statutes quoted and cases cited, together with the case of Symms Grocer Co. v. Burnham, Hanna, Munger & Co.. 6 Okla. 618, 52 Pac. 918, leads to the conclusion that in this jurisdiction a partnership is, to some extent, a separate entity from the individuals who compose it, and that 'the members of a firm are not directly liable upon a debt of the partner. hip, but their liability arises out of their connection with the firm, and is only traceable through the firm, and must be established by a judgment against the firm."

In the recent case of Bearman et al. v. Bracken et al., 112 Okla. 237, 240 Pac. 713, this court said:

"In a suit based on a claim of partnership liability it is error to render an individual judgment against one member. In such case judgment should be rendered against the firm, and such judgment enforced against the partnership and the individual property of the members in case of the partnership property is exhausted before the judgment is satisfied in full."

In the case of Taylor et al. v. Quinnett, recently decided by this court and found in 109 Okla. 241, 235 Pac. 214, this court sets out the proper form judgment to be rendered in an action against a copartnership as follows:

"That the said plaintiff have and recover of and from the defendants Taylor, Taylor and Joe Davis, a copartnership composed of Leroy T. Taylor, O. G. Taylor, and Joe Davis, all of whom were personally served with summons, the sum of $685.50, together with all the costs of this action; for all of which let execution issue against said partnership and the joint property be subjected to the payment of the said amount; and if the partnership property be insufficient to satisfy the judgment then let execution is-

sue against the individuals composing the partnership."

The above quotation seems to us the only proper judgment that could be entered in an action against a partnership. As heretofore stated, however, in the instant case there was no verdict rendered against the copartnership, and to render a judgment against the individual partners without, as heretofore quoted in this opinion, obtaining a verdict against the copartnership, ".s an error of substance and not merely of form," and therefore not susceptible of reformation in this court.

We are therefore of the opinion that the cause, for this reason, should be reversed and remanded to the lower court for a new trial.

By the Court: It is so ordered.