## HUDSON et al. v. McGRAW-BEARLY LBR. CO.

No. 22225.   Oct. 2, 1934.

Dolman, Dyer & Holman, for plaintiffs in error.

Everest, McKenzie, Halley & Gibbens, for defendants in error.

PER CURIAM. The plaintiffs in error, defendants below, were copartners doing business as the Fox Rig Company, and were sued as such in this action by the McGraw-Bearly Lumber Company.

The sole question in issue on the trial in the court below was whether the McGraw-Bearly Company sold two rotary drilling rigs

to the Fox Rig Company or merely delivered them on consignment. The instructions of the court aptly submitted this issue to the jury, and the jury found against the defendant copartners, who have appealed to this court.

Complaint is made on appeal on two points: First, that the court permitted a certain question and answer in the deposition of C. B. Taylor to be read as evidence to the jury; and second, that the journal entry of judgment was not in proper form. We shall notice these in order.

The question and answer complained of are as follows:

"Q. Was anything said in that conversation with reference to that shipment being on consignment? A. Mr. Long at first wanted that procedure to be followed, but Mr. Whitney, he couldn't do that, and he agreed to buy the derrick outright at a ten per cent. discount."

It is contended by plaintiffs in error that this answer was the statement of a conclusion and not the statement by the witness of the substance of the conversation asked about. In ruling on the objection to this question, the trial court said:

"Overruled. I would be inclined to be a little bit more liberal with a witness testifying this way, by a deposition."

In Wigmore on Evidence, vol. 3, section 2097 and beginning on page 2829, the learned author goes exhaustively into the matter of a witness being required to give the exact words of a conversation or being permitted to merely give the substance or effect of the conversation. Mr. Wigmore says:

"Verbal precision is in general not required in proving oral utterance; the substance or effect is sufficient. * * * The general rule, universally accepted, is therefore that the substance or effect of the actual words spoken will suffice, the witness stating this substance as best he can from the impression left upon his memory."

Further along in the same discussion, at page 2831, Mr. Wigmore says:

"That rule does not require the impossible: it merely forbids the superfluous. It does not, in its proper use, commit the absurdity of saying that, even when the witness cannot remember the precise words, he is forbidden from giving any account at all of what he heard. Nevertheless, some courts, misguided by the opinion rule, have reached that result."

Attention is called to the authorities cited in the footnotes to this text, but same are not further listed, as they are too numerous for citation in this opinion.

The witness was not in court, and could not, therefore, revamp his words so as to avoid technical objection as to form; and to have sustained the objection would have meant that the jury would have been deprived of his testimony on the material issue in the lawsuit. The evidence complained of was highly material and competent, and the jury were entitled to hear the story of the witnesses in order that they might be advised of all the facts and to the end that their verdict might speak the truth and justice. The trial judge has a wide discretion in situations of this kind, and this discretion was not abused in permitting the question and answer to be read to the jury; it would have been more nearly an abuse of discretion if his ruling had been otherwise.

Plaintiffs in error complain of the form of the judgment which ran against them as a joint judgment instead of being properly limited as a judgment against copartners. The material part of the judgment is as follows:

"It is therefore ordered, adjudged and decreed that the plaintiff have and recover of and from the defendants, and each of them," etc.

It is not open to question that the form of this judgment is erroneous (see proper form as specifically set out by this court in the case of Taylor v. Quinnett, 109 Okla. 241, 235 P. 214), and plaintiffs in error rely upon the case of Hassen v. Rogers, 123 Okla. 265, 253 P. 72, for a reversal on account thereof.

The holding of the Hassen Case that the judgment could not be reformed in this court was based upon the statement in the opinion that:

"In the instant case there was no verdict rendered against the copartnership."

In the case at bar the judgment roll shows from the beginning down to the recital quoted in the journal entry that the action was against the defendants as copartners and not as individuals. The petition of the plaintiff alleged that at the time of the alleged purchase of the rigs in question, the defendants "were partners doing business as the Fox Rig Company," and further alleged that on July 21, 1926, it "sold said partners doing business as the Fox Rig Company 2—123 Monarch Rotary Turnbuckle Drilling Derrick," and the account

attached to the plaintiff's petition was made out to the Fox Rig Company.

The answer of the defendants stated that:

"Defendants admit that they were co-partners doing business as the Fox Rig Company."

In stating the issues, the court told the jury in his instructions that the petition alleged that "the plaintiff herein sold the Fox Rig Company," etc.

And the jury returned its verdict in the following language:

"We, the jury, impaneled and sworn in the above-entitled cause, do, upon our oaths, find for the plaintiff and fix the amount of its recovery at $2,340, with six per cent. interest from July 31, 1926."

It might also be observed that that part of the journal entry of judgment setting up the formal proceedings in connection with the trial shows the appearance of the defendants, not as individuals, but as "partners doing business as the Fox Rig Company of Healdton, Oklahoma."

Inasmuch as the verdict of the jury does not reflect the names or capacity of the defendants against whom it ran, it must, of course, be construed in the light of the remainder of the judgment roll; and, when so construed, can only mean a judgment against the plaintiffs in error as copartners and not as individuals. The form of the judgment should have been along the lines as set out in the case of Taylor et al. v. Quinnett, supra, but the criticism of the court in the Hassen Case that "there was no verdict rendered against the copartnership," does not apply to the case at bar. There was even no issue of copartnership raised on the trial in the court below, and there is no error in the proceedings down to that part of the judgment quoted. To reverse on the merits and send back for retrial on the merits when nothing is involved more than form of journal entry touching an admitted fact on the face of the judgment roll, would be a technicality reductio ad absurdum. The facts here are on all fours with the Taylor-Quinnett Case, and the judgment appealed from should be reformed under order of this court as was done in that case, and so as to follow the form and language of a proper copartnership judgment as set out in that opinion.

It is ordered that the judgment appealed from be corrected by the trial court so as to conform to the rules laid down in this opinion, and, when so corrected, to stand affirmed as corrected and with force and effect as of the date of the original entry thereof. The costs of the appeal will be assessed against the plaintiffs in error.

The Supreme Court acknowledges the aid of District Judge Summers, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted by the court.