## TAFT et al. v. DAVIDSON.

No. 24205. April 23, 1935.

Rehearing Denied May 21, 1935.

Application for Leave to File Second Petition for Rehearing Denied June 11, 1935.

M. M. Thomas and A. J. Taft, for plaintiffs in error.

Warren K. Snyder and John Staley, for defendants in error.

RILEY, J. This is an appeal from a judgment in favor of defendant in error in an action to recover for a division of attorney's fee. After the appeal was lodged in this court, W. J. Davidson died, and the cause was revived in the name of Mary Lou Davidson, executrix.

Davidson alleged, in substance, that about December, 1928, Addison J. Silverwood, who then resided in Norfolk, Va., was the owner of certain lots, blocks, and parcels of land in Silverwood's addition to Oklahoma City, which had become quite valuable by reason of the oil and mineral rights; that Albert J. Taft and H. Chester Taft were then, and were at the time of commencement of this action partners engaged in the practice of law in Oklahoma City, and that plaintiff was duly licensed to practice law in Oklahoma; that about that time Silverwood employed defendants as his attorneys to establish and recover his interest in said land. That Silverwood agreed to pay defendant's retainer fee of $25 and a contingent fee of one-third of all property, money, rights, or interest recovered by them by action in court, or by compromise settlement out of court with adverse claimants. That defendant accepted said employment and thereafter employed plaintiff to assist them in an action then proposed to be filed against William H. Atkinson, T. B. Slick, and the board of county commissioners involving a part of said land, without any express understanding as to the attorney fee to be paid to plaintiff; that under said agreement plaintiff and defendants prepared and filed an action on behalf of Silverwood which afterwards resulted in a compromise with Atkinson and Slick whereby they paid defendants for Silverwood the sum of $11,000. That thereafter defendants paid plaintiff as his part of the fee earned the sum of $1,400, being substantially 2/5 of the one-third attorney's fee earned, and at the same time entered into a verbal agreement with plaintiff whereby all future fees earned under the agreement with Silverwood were to be divided between plaintiff and defendants upon the same basis, 3/5 of any fee earned to

defendants, and 2/5 to plaintiff; that shortly thereafter it was discovered that Silverwood was the owner of certain reversionary interests and certain riparian rights to other portions of the land comprising Silverwood's Second addition to Oklahoma City, and also the mineral rights in and under the right of way owned by the St. Louis & S. F. Ry. Company, through the quarter section out of which said additions were carved and that Silverwood authorized defendants to proceed to recover his interest in said premises; that plaintiff continued in conjunction with defendants in an effort to recover same, until about September 5, 1930, when a settlement was had with T. B. Slick, or T. B. Slick and William H. Atkinson, whereby they bought Silverwood's interest in said land, and defendants were paid a fee out of the amount recovered amounting to $10,000, and that defendants kept the whole fee and plaintiff prayed for judgment for two-fifths thereof, or $4,000. After motion to make more definite and certain and demurrer were overruled, defendants, Albert J. Taft and H. Chester Taft, filed separate unverified answers. That of H. Chester Taft consisted of a general denial, and alleged generally that the employment of Silverwood was an employment of Albert J. Taft alone, and was not an employment of the partnership of Taft & Taft.

Albert J. Taft answered by general denial, and further alleged in substance, that the employment by Silverwood was an employment of Albert J. Taft individually; that he was to have a contingent fee of one-third and $25 retainer fee. He then pleaded at great length how the petition in the first action for Silverwood was prepared; that he did employ or ask Davidson to assist him in the matter, but because of a long prior association between himself and Davidson he had no thought that Davidson would charge anything for his assistance, but when the settlement was had in the suit referred to as Silverwood v. Baker et al., there was paid the sum of $11,000 for Silverwood's interest in the tracts of land there involved, that he did pay Davidson the sum of $1,400 as his part of the contingent fee earned. He also alleged that there was an agreement between himself and Davidson that Davidson should receive two-fifths of the one-third contingent fee that he, Albert J., should realize from that time on in said case of Silverwood v. Baker et al., but alleged that the agreement went only to the real property involved in that action.

He then pleaded at length certain acts

and conduct on the part of Davidson detrimental to the interest of Silverwood, in that Davidson obtained certain papers and documents necessary for use in the trial of the case, and refused to turn them over, and that he was compelled to employ an attorney at his own expense in the sum of $250 to obtain possession of said papers and documents. That the acts of Davidson in said matter made a continuance necessary, and he, Taft, was called upon to pay the expense of Silverwood and his daughter, a material witness, in the sum of $250 for their expenses in their futile trip from Norfolk, Va., to Oklahoma City. That in May, 1930, he, Albert J. Taft, was informed of the ownership by Silverwood of an interest in the old river bed of the North Canadian river and other interests in the land out of which the Silverwood addition was carved; that thereafter negotations looking to the sale of such interests were carried on by him, culminating in the sale of the land to Slick and Atkinson for the sum of $20,000. That in the meantime actions had been commenced by other parties claiming a commission for the sale, and that another action was commenced against Silverwood, Taft, Atkinson and the executors of the estate of T. B. Slick to recover the same property sold by Silverwood to Atkinson and Slick. That Albert J. Taft was employed in the defense of said actions, and that Davidson appeared as a witness and testified in behalf of said claimants concerning matters of a confidential nature which he had learned as attorney in the case of Silverwood v. Baker et al. without obtaining the consent of his client who was Albert J. Taft. That he, Albert J. Taft, did receive as his fee in said additional matter one-third of the $20,000, received by Silverwood for the sale of said additional interests in said land to Atkinson and Slick. But that Davidson had never been employed by any one but Albert J. Taft, and by him only in the case of Silverwood v. Baker et al. That by reason of his alleged unlawful, wrongful, and unethical conduct, Davidson had forfeited his right to retain the $1,400 theretofore paid him, and was liable to Albert J. Taft for the return thereof, together with the sum of $500 paid by Taft as attorney's fee in forcing the return of the documents, papers, etc., and the expenses paid to Silverwood for his fruitless trip to Oklahoma City for the trial of Baker et al. Case.

He prayed that Davidson take nothing, and for judgment against Davidson in the sum of $1,900.

524

Plaintiff, Davidson, replied by general denial.

The issues so joined were tried to a jury, resulting in a verdict and judgment in favor of Davidson in the sum of $2,666.66.

The verdict was "for the plaintiff against the defendants Albert J. Taft and H. Chester Taft, individually, and as partners doing business as Taft & Taft." The judgment entered on the verdict was, however, against defendants Taft & Taft, a copartnership, composed of Albert J. Taft, and H. Chester Taft, with provision for execution against the partnership and joint property, and if the partnership property be insufficient to satisfy the judgment, then for execution against the individuals, Albert J. and H. Chester Taft, both of whom the court found were personally served with summons.

From this judgment and the order overruling a motion for new trial, defendants prosecute this appeal.

There are some 26 assignments of error.

It is first contended that the court erred in overruling defendants' motion for judgment upon the opening statement of counsel for plaintiff. The contention is that in such opening statement counsel stated that the employment of plaintiff and all subsequent transactions thereunder were with Albert J. Taft, individually, and not with Taft & Taft.

The contention cannot be sustained. Counsel cite no authorities in support thereof.

The record discloses that in the opening statement counsel for plaintiff read the entire petition to the jury, and among other things said: "We expect, Gentlemen of the Jury, to prove the matter set forth here in more detail." Where the petition states a cause of action, it is error to sustain a motion to render judgment against plaintiff upon the opening statement of his counsel. Sullivan v. Williamson, 21 Okla. 844, 98 P. 1001.

Next it is contended that the court erred in overruling defendant's demurrer to plaintiff's evidence and refusing to direct a verdict for defendants. Some 35 pages of defendants' brief are devoted to these two assignments.

There is sharp conflict in the evidence on some of the questions of fact involved. It is sufficient to say that there was ample evidence tending to support plaintiff's claim so as to require submission of the case to the jury.

The principal contention is that the uncontradicted evidence shows that plaintiff was guilty of such misconduct and bad faith as to require a directed verdict against him.

The contention can by no means be upheld. While the evidence is uncontradicted with reference to certain acts and conduct of plaintiff, such acts and conduct were not such that as a matter of law they would deprive plaintiff of his right to maintain this action. There was, as a matter of fact, no sufficient evidence of bad faith or misconduct to warrant the court in submitting that issue to the jury. The court did, however, submit that question along with other questions of fact to the jury, and the jury by its verdict found for plaintiff on this issue as well as the other issues.

There is no error in overruling the demurrer to the evidence and in refusing to direct a verdict for plaintiff.

It is next contended that the court erred in instructing the jury, in substance, that if it should find from a preponderance of the evidence that in May, 1930, defendants were law partners engaged in the practice of law in Oklahoma City, and that Albert J. Taft and H. Chester Taft, a partnership, or Albert J. Taft, acting for and on behalf of said partnership, did enter into a contract with plaintiff where he was to assist in the recovery of any interest that Silverwood had in the river bed in the quarter section of land described, and that there was recovered from T. B. Slick and others for said Silverwood the sum of $20,000, and that by virtue thereof there was paid to A. J. Taft, a member of said partnership, $6,666.66, if the jury should further find from the evidence that there was a contract and agreement between plaintiff and the partnership of Taft & Taft that plaintiff was to receive two-fifths of the amount so received by the partnership, the verdict should be for the plaintiff and against the partnership and the individual members thereof for two-fifths of the money so received, but if the plaintiff had failed to show faithful performance of his services thereunder, or failed to establish that this contract was a partnership transaction, then the verdict should be for defendant.

The contention is that that part of the instruction where it says, "or Albert J. Taft, acting for and on behalf of said partnership, did enter into a contract with plaintiff," is erroneous in that there was no proof that

the other partner had expressly authorized said contract, or that it was customary for him as a partner of the law firm to enter into such contracts, and that the partnership, if any existed, not being a trading partnership, it was not sufficient to prove merely the one partner Albert J. Taft had entered into the contract with plaintiff on behalf of the partnership, but it was also necessary to either prove that said contract was expressly authorized by the other partner, or that it was customary for Albert J. Taft, a member of such partnership, to enter into such contract.

The contention is not here sustained for two reasons.

There is some evidence tending to show that if the other alleged partner, H. Chester Taft, did not expressly authorize the contract with plaintiff, he at least knew of it, and did not object. There is evidence that on one occasion Albert J. Taft, in the presence of his brother, H. Chester Taft, introduced plaintiff to Mr. Silverwood's daughter, who was in Oklahoma City representing him, as one of the attorneys in the case. There is also evidence from which the jury could reasonably infer that H. Chester Taft had accepted his part of the first fee earned, $3,666.66, on the basis of two-fifths to plaintiff, one-fifth to H. Chester Taft, and the balance to Albert J. Taft. Furthermore this special objection to the instruction was not called to the attention of the trial court at the time. No instruction was offered by defendants covering that phase of the case. Had the matter been called to the attention of the court, doubtless that instruction would have been made more definite, if, indeed, such was required.

The same is true with reference to the objection made to this instruction that it did not go into detail and include all the interests claimed by Silverwood; that is, it failed to mention the interests claimed in the streets and alleys in a part of the Silverwood addition and the right of way of the railroad.

If defendants thought at the time that the omission was error, it was incumbent upon them to call the same to the attention of the court at the time. The omission, however, could not have prejudiced defendants for the reason that the only thing that was involved was a part of the $20,000 actually received. If plaintiff had any right to any part thereof, he was entitled to recover same whether the $20,000 was received for all or only a part of the interest claimed by Silverwood.

There is a further objection to this instruction in that it told the jury that in the event the jury should find the facts as stated in the first part of the instruction the verdict should be "for the plaintiff and against the partnership and the individual members thereof."

Under the authorities cited, it was perhaps error to include the words "and the individual members thereof." But in view of the record made, it does not follow that the case should be reversed on account thereof.

In Holmes v. Alexander, 52 Okla. 122, 152 P. 819. it was held that where an action is against a partnership only, and where service is made upon the firm only, a judgment against the individuals composing the partnership is void for the reason that it is rendered against parties not before the court, and that a partnership is a distinct entity from the individuals composing it.

In Taylor et al. v. Quinnett, 109 Okla. 241, 235 P. 214, it is held that partnership liability is the joint liability of the individuals composing the copartnership. But it was held that where, in a suit by a plaintiff upon a partnership obligation, the plaintiff obtains a verdict upon which a judgment is entered against some of the joint obligors as partners, and against one of the joint obligors as an individual, and upon appeal, that being the only fault appearing upon the record, the judgment will be modified according to the rights of the parties upon the record, and affirmed as modified. The judgment was accordingly modified so as to make it run against the partnership composed of all three of the joint obligors.

In this case the verdict was against Albert J. Taft and H. Chester Taft, individually, and as partners doing business as Taft & Taft. But the trial court in entering judgment upon the verdict, made the judgment to run that: "Plaintiff have and recover of and from the defendants, Taft & Taft, a copartnership composed of Albert J. Taft and H. Chester Taft, both of whom have been personally served with summons, the sum of $2,666.66, with interest thereon from the 5th day of September, 1930, at 6 per cent. (6%), together with all the costs of this action, and for all of which let execution issue against said partnership and the joint property thereof be subjected to the payment of said amount; and, if the

said partnership property be insufficient to satisfy the said judgment, it is then ordered and adjudged that execution issue against the individuals, namely, the said Albert J. Taft and H. Chester Taft, composing said partnership."

The court in its judgment corrected such error, if any there may have been in the instruction and the verdict. The error, if any, was harmless, and it was within the power of the court to correct it. Under assignment No. 12, defendants complain of the act of the court in this regard, and insist that it was error for the court to refuse to enter judgment against the defendants individually and as partners doing business as Taft v. Taft. Had the court done so, this court, upon appeal, when its attention was called to the matter, doubtless would have modified the judgment as was done in Taylor v. Quinnett, supra.

Defendants assert that the court erred in its instruction to the jury defining the duty of an attorney to his client. The complaint is that, although the court instructed the jury that an attorney must "be faithful to his client at all times," the instruction failed to tell the jury that such duty continued even after the employment had terminated. We have said that there was no competent evidence to justify the submission of unfaithfulness or bad faith of plaintiff in his employment either before or after such employment terminated, but the instruction is not subject to criticism, for it clearly told the jury that if plaintiff, "after his employment to represent Silverwood's interest, failed to exercise good faith and acted in an antagonistic manner, etc., then as a matter of law plaintiff could not recover in this action." The instruction did not limit the duty to the time covered by the employment, but included all the time after his employment.

It is next asserted that the court erred in its instruction defining a partnership and the requirements of evidence to establish, prima facie, partnership.

The contention is presented as though the question of whether or not there was a partnership existing between Albert J. Taft and H. Chester Taft was in issue.

As we view the case, the question of partnership between the defendants was not in issue. The petition alleged that "defendants (naming them) are now and were at all times hereinafter referred to, partners, and as such partnership were acting," etc.

The separate answers of defendants were not verified. There was no denial under oath of the allegations of partnership.

The allegation of partnership not having been denied under oath as provided by section 287, C. O. S. 1921 (sec. 220, O. S. 1930), the question of the existence of the partnership as alleged was not an issue. Its existence stood admitted.

The real question was not whether there was a partnership, but was whether the employment of plaintiff to assist in the matter of the recovery by Silverwood of certain interest in the lands described was by the partnership, or by Albert J. Taft personally or as an individual. This issue was submitted to the jury under proper instructions, and the verdict was in effect a finding that the employment was by the partnership, and not by Albert J. Taft as an individual.

Other assignments of error are presented, but they are determined by those discussed.

There being no substantial error, the judgment is affirmed.

McNEILL, C. J., and WELCH, CORN, and GIBSON, JJ., concur.